MILLS et al. v. LEHIGH VALLEY R. CO. et al.

(District Court, E. D. Pennsylvania. October 18, 1915.)

No. 1911.

1. Costs ☞173—Counsel Fees—Enforcement of Interstate Commerce Commission's Orders.

Interstate Commerce Act Feb. 4, 1887, c. 104, § 16, 24 Stat. 384 (Comp. St. 1913, § 8584), provides that, if a carrier does not comply with an order of the Commission for the payment of money, the person for whose benefit the order was made may file suit in the Circuit Court, and that if he shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. In such a suit, the District Judge allowed a counsel fee for services before the Commission and a further fee for services in the suit. The judgment was reversed by the Circuit Court of Appeals, but the Supreme Court reversed the judgment of that court, and modified the judgment of the District Court, by striking out the allowance for services before the Commission, and, as modified, affirmed such judgment, without making any allowance of counsel fees for services on appeal. *Held*, that the allowance of counsel fees for services in the suit did not cover the subsequent services on appeal, as it must be assumed that the District Judge fixed the fee for services up to the time of the allowance, and considered the fee allowed as reasonable for those services.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 688–690; Dec. Dig. ☞173.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COSTS ☞55—JURISDICTION OF DISTRICT COURT AFTER REMAND.

    The District Court had authority to allow a counsel fee for the services in the Circuit Court of Appeals and in the Supreme Court, in addition to the fee allowed for services in the District Court.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 254; Dec. Dig. ☞55.]

At Law. Action by William H. Mills and others against the Lehigh Valley Railroad Company and others. On petition for allowance of counsel fees. Allowance granted.

Arthur R. Thompson and Frank Van Sant, both of Washington, D. C., and Vivian Frank Gable, of Philadelphia, Pa., for plaintiffs.

Henry S. Drinker, Jr., of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. [1, 2] The petitioners brought suit to enforce an order of the Interstate Commerce Commission for reparation under the provisions of the Act to Regulate Commerce of February 4, 1887, c. 104, 24 Stat. 379, as amended, and, the case being tried to a jury, recovered verdict and judgment against the defendants in more than $9,000. Section 16 of the act regulates the procedure in suits to enforce compliance with the orders of the Commission and provides:

    "If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit."

Upon motion of counsel, Judge Holland ordered the allowance of a counsel fee of $1,000 for services before the Interstate Commerce Commission, and a further fee of $1,000 for services in the "proceedings in this cause." The defendants excepted to the fee for services before the Interstate Commerce Commission. Thereafter proceedings in error were had before the Circuit Court of Appeals, where the judgment was reversed. Lehigh Valley Railroad Co. v. Clark, 207 Fed. 717, 125 C. C. A. 235. Upon a writ of error sued out by the plaintiffs, the judgment of the Circuit Court of Appeals was reversed in the Supreme Court. Mills et al. v. Lehigh Valley Railroad Company et al., No. 631, 238 U. S. 473, 35 Sup. Ct. 888, 59 L. Ed. 1414, October Term, 1914 (opinion by Mr. Justice Hughes, June 21, 1915). The Supreme Court held that there was error in the allowance of a fee for services before the Commission, as it had held in Mecker v. Lehigh Valley Railroad Company, 236 U. S. 412, 35 Sup. Ct. 328, 59 L. Ed. 644. The judgment of the District Court was accordingly modified, by striking out the allowance of $1,000 as attorney's fee for services before the Commission, and, as so modified, affirmed.

The plaintiffs now present a petition for the allowance of an additional sum as attorney's fees for services before the Circuit Court of Appeals and before the Supreme Court, to be taxed under section 16 of the act as a part of the costs of the suit. The allowance is objected to by the defendants upon the ground that the order of Judge Holland allowing a fee of $1,000 for the services in the proceeding in this cause must stand as a final disposition of the matter, because it

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was not made the subject of exceptions by the plaintiffs, and no further counsel fee was allowed by the Supreme Court.

The provisions of the act require that the fee shall be allowed if the petitioner shall finally prevail. In the status of the case, when the fee of $1,000 was fixed, the petitioner had finally prevailed unless appellate proceedings were had, and for all that appeared at that time no further proceedings were contemplated. In fixing the fee, therefore, Judge Holland could not have had in mind services to be rendered in the future in the Circuit Court of Appeals, nor in the Supreme Court. It must be assumed, then, that Judge Holland fixed the fee for services rendered up to that time in this court, and considered the fee of $1,000 as "reasonable" for those services. As $1,000 was adjudged a reasonable counsel fee for services rendered up to that time, it follows that the plaintiffs were not then allowed a reasonable counsel fee upon finally prevailing after services rendered in the Circuit Court of Appeals and the Supreme Court. No fee having been awarded for services in the appellate proceedings, it would be questionable whether this court had power to do so, if it were not for the language of the Supreme Court in the case of Sizer v. Many, 16 How. at page 98, 14 L. Ed. 861. In that case a judgment in a patent case was affirmed in the Supreme Court, with a blank in the record for costs, and the Circuit Court afterwards fixed these costs at a sum less than $2,000, and allowed a writ of error to the Supreme Court. As the record brought up only the proceedings after the mandate had come down, the writ was dismissed for want of jurisdiction. The court said, however:

"The writ of error must therefore be dismissed for want of jurisdiction. But as the question raised in this case may often occur in the Circuit Courts, and it is important that the practice should be uniform, it is proper to say that we consider the decision of the Circuit Court, allowing those costs to be taxed after the receipt of the mandate from this court, to have been correct, and conformable to the general practice of the courts. The costs are perhaps never in fact taxed until after the judgment is rendered, and in many cases cannot be taxed until afterwards. And where this is the case the amount ascertained is usually, under the direction of the court, entered nunc pro tunc as a part of the original judgment. And this mode of proceeding is necessary for the purposes of justice, in order to afford the necessary time to examine and decide upon the several items of costs, to which the successful party is lawfully entitled."

The language of Mr. Chief Justice Taney appears to be conclusive upon the question of practice here presented. Under the circumstances disclosed by the record and briefs in this case, $1,000 for the services in the Circuit Court of Appeals and a like amount for services in the Supreme Court appear to be reasonable, and an order may be entered fixing those amounts, in addition to the sum of $1,000 heretofore taxed for services in this court.