Argued June 27, affirmed September 25, rehearing denied October 16, 1928.

R. G. SAMMONS *v.* W. FORBES PATERSON ET AL.

(270 Pac. 499.)

For appellant there was a brief and oral argument by *Mr. L. B. Sandblast.*

For respondent there was a brief and oral argument by *Mr. Albert L. Gordon.*

BROWN, J.—This is an appeal from a judgment for defendants in an action tried upon a demurrer to the complaint. The action was brought to recover a broker's commission alleged to have been earned in a real estate transaction between the defendants

and a third party. The complaint avers that, in October, 1926, defendants, husband and wife, entered into an agreement to exchange real property situate in Portland, Oregon, for a farm alleged to have been owned by one George S. Smith and Mabel Smith, his wife. Thereafter the defendants refused to make the exchange.

The contract sued upon provided for the exchange of property described therein. It likewise provided that, in the event the defendants should fail to carry out the terms thereof on their part to be performed, they would pay all commission therein contracted to be paid to brokers interested in bringing about the exchange. This contract was never signed by Mabel Smith. Upon the refusal of defendants to accept the deed executed by Geo. S. Smith and Mabel Smith and to complete the transaction, one Preston, a broker acting for Smiths in the course of the negotiations for the exchange, assigned his alleged claim to the plaintiff, who sues for both commissions which would have been earned had the exchange been effected.

■ It is settled law that, to enable a broker to commission upon procuring a sale or exchange of real property, he must secure the execution of a valid, binding, enforceable contract: *Cunningham* v. *Friendly*, 70 Or. 222 (139 Pac. 928, 140 Pac. 989).

The contract in question describes the Smith property as "all of the South Half of the Southeast Quarter of the Northeast Quarter of Section 3, Township 2 North, Range 6 East of Willamette Meridian, Clackamas County, Oregon." It declares that the above-described property belongs to Geo. S. Smith and Mabel Smith, and provides that "the wives of the contracting parties must also sign the above agreement."

At the hearing in this court the defendants contended that the contract was incomplete because it was not signed by Mabel Smith; and, further, that that certain deed alleged to have been executed and tendered to defendants by Geo. S. and Mabel Smith described lands not situate in Clackamas County.

■ Signature is not always necessary to the binding force of an agreement, because, under some conditions, it is competent for the parties to adopt a contract without signing it, provided the intention to adopt it is clear: 13 C. J., Contracts, sec. 128. In this connection, the Supreme Court of Massachusetts in *Buffington* v. *McNally*, 192 Mass. 198 (78 N. E. 309), said:

"Treating the contract at its inception as unilateral, upon acceptance it became binding upon both parties."

■ It appears from the face of the contract in this cause, however, that it was never intended to take effect until and unless signed by all the parties thereto. Hence we conclude that the writing is ineffectual for every purpose whatsoever.

■ As to the second contention, the record shows upon its face that Mabel Smith never undertook to convey to defendants by good and sufficient deed any tract of land situate in Clackamas County, Oregon, as provided in the contract. This court takes judicial notice of the fact that the property described in the deed as the south half of the southeast quarter of the northeast quarter of section 3, township 2 north, range 6 east of the Willamette Meridian is not situate within Clackamas County, but is many miles distant therefrom: See Or. L., §§ 2570–2573, 2618.

Owing to the incorrectness of the description inserted in the contract and in his pleading, the plain-

tiff has come into this court and filed a motion for an order permitting an amendment to appellant's abstract of record, supported by an affidavit which reads:

"That there was a typographical error made in the description of the property which the defendants and respondents were to receive in this exchange with G. S. Smith and wife. Reference is made to line 3 of the last paragraph of page 16 of the appellant's abstract of record which reads as follows:

" 'Township 2 North, Range 6 East.'

"This description is incorrect, and it should read as follows:

" 'Township 2 South, Range 4 East of the Willamette Meridian.'

"Attention is also called to the same errors in lines 4 and 5 of paragraph 5, page 2, appellant's abstract of record, which reads in part as follows:

" 'Township 2 North, Range 6 East of the Willamette Meridian.' "

Affiant then proceeds to excuse the incorrect description set out in the record.

■ ■ The description set out in the abstract filed in the case conforms to the description in the contract. The abstract conforms to the record made in the court below. The case was heard on appeal on the record made in that court. Obviously, an incorrect description set out in a contract forming the basis of an action cannot be rectified by a mere alteration of the abstract, nor would such alteration serve to correct the description contained in the pleadings. But be that as it may, while the plaintiff asks to have the description corrected at two different places in the abstract, as we read that document if the property involved is incorrectly described in one place it is incorrectly described in four different places in the pleadings. We find the same description at pages 2,

8, 12 and 16 of the abstract. Besides, an order to alter the language of an abstract is rarely granted after a cause has been argued and submitted as in the case at bar.

The defendants were fully justified in refusing to proceed further in the cause at issue. The demurrer was properly allowed by the trial court, and we direct an affirmance of the judgment rendered therein.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.