Argued October 22; affirmed December 10, 1929

# FRANK GOODSPEED *v.* WILLIAM DUBY ET AL.

(283 Pac. 6)

*Mr. P. J. Gallagher* (*Messrs. Gallagher* and *Conway* on brief) for plaintiff-cross appellant.

*Mr. P. J. Gallagher* for defendants and respondents G. P. Hunter, William Linton, B. Baker and N. Spencer.

*Mr. A. G. Barry* (*Messrs. Barry & Morrison* and *Messrs. Wilbur, Beckett, Howell* and *Oppenheimer* on brief) for defendant and appellant Independence Indemnity Co.

*Mr. J. M. Devers,* Assistant Attorney General, for defendants and respondents William Duby, C. E. Gates, H. B. Van Duzer, constituting the state highway commission of the state of Oregon.

*Mr. A. L. Veazie* (*Messrs. Veazie & Veazie* on brief) for defendant and respondent O. E. Heintz, doing business as Pacific Iron Works.

*Mr. M. D. White* for respondent W. J. Cathcart.

*Messrs. Dey, Hampson & Nelson* and *Mr. Andrew Koerner* for defendant and respondent Standard Oil company of California.

*Mr. James G. Wilson* (*Mr. Arthur Clarke, Mr. Allan G. Carson, Messrs. Wilson, Reilly & Isaacs* on brief) for defendants and respondents W. J. Cathcart, John W. Ash, Philomath State Bank, J. W. Berreman, W. F. Green, Whiteside & Locke, A. L. Hathaway, Farmers & Merchants Transport Co., Willamette Grocery Co.

*Messrs. Raffety & Pickett* for defendant and respondent McCracken-Ripley Co.

*Mr. Robin D. Day* for defendant and respondent John H. Tweedie.

*Messrs. Winter & Maguire* for defendant and respondent Independence Sand & Gravel Co.

*Mr. James W. Crawford* for defendant and respondent Evergreen Lumber Co.

*Messrs. Herbring & Smith* for defendants and respondents F. J. Bishop and T. W. Thomas.

*Mr. William C. Palmer, Mr. Chester Dolph* and *Mr. Lester Humphreys* for defendant and respondent Oregon Portland Cement Co.

COSHOW, C. J. The contention of appellant Independence Indemnity company is that it can not be compelled to pay more than the penalty of its bond. The amount of costs and attorney's fee taxed against it is in excess of the penalty of its bond. The defendant claimants did not receive the full amount due them but were compelled to prorate because the amount of the

funds in the hands of defendant highway commission and the penalty of the bond were not sufficient to pay plaintiff and said claims for material in full. Defendant Independence Indemnity company deposited in court with its answer the amount of the penalty of its bond, but continued to participate in the suit, contested the different claims under consideration and prayed for a return to it of any balance that might remain of the fund it paid into court as aforesaid. It also asked for attorney's fee. The question to be determined is, is a surety company liable for the costs of an action or suit and for attorney's fee beyond the penalty fixed in its bond of indemnity?

■ It is a general rule of law that a surety is not liable beyond the penalty fixed in its undertaking: 9 C. J. 131, § 243; 1 Brandt Suretyship Guaranty, (3d ed.) 270, § 126.

" 'But when the time has come for him to discharge that liability, and he neglects or refuses to do so, it is equally reasonable, and altogether just, that he should compensate the creditor for the delay which he has interposed. * * * The question, in short, is not what is the measure of a surety's liability under a penal bond, but what does the law exact of him for an unjust delay in payment, after his liability is ascertained and the debt is actually due from him.' ": *Brainard v. Jones,* 18 N. Y. 35, as quoted in 1 Brandt Suretyship Guaranty, above.

*Ill. Surety Co. v. John Davis Co.,* 244 U. S. 376; *Dwyer v. U. S.,* 93 Fed. 616; *Getschell & Martin Lbr. Co. v. Peters,* 100 N. W. 550, 552; *Holmes v. Standard Oil Co.,* 55 N. E. 647.

■ The provision for attorney's fee is purely statutory. It is not the result of a direct contract between the parties interested. The statute prescribes:

"In any action as hereinbefore provided, the prevailing party shall recover such attorney fees therein as the court shall adjudge reasonable; provided, however, that all labor and material liens shall have preference and be superior to all other liens and claims (of) whatsoever kind or nature created by this act": § 6719, O. L., as amended by G. L. 1921, ch. 342.

This provision of the statute becomes a part of every contract and bond given under the requirements of §§ 6718 and 6719, O. L. The attorney's fee is required only in case the liability and extent of liability on the part of the surety is litigated. It is not required as a part of the principal of the bond, but is incidental thereto just as are the costs and disbursements of the litigation. The fact that defendant indemnity company paid into court the extent of its liability under the terms of its bond does not prevent a judgment for attorney's fee when the surety continued litigation and caused the delay and expense to the claimants of establishing their claims. The amount of the penalty in the bond became due and owing before this suit was instituted.

Defendant indemnity company can not be permitted to litigate the claims, demand attorney's fee in case it prevails, and then escape paying attorney's fee when it loses in that litigation: *Johnson v. Prudential Life Ins. Co.*, 120 Or. 353, 363 (262 P. 556); *Title Guarantee Co. v. Wrenn*, 35 Or. 62, 70 (56 P. 271); *City of Pendleton v. Jeffery & Bufton,* 95 Or. 447, 454 (188 P. 176). To rule otherwise would permit a surety company to litigate its claims at the expense of those whom it is its duty to pay: *City of Pendleton v. Jeffery & Bufton,* above.

■ Respondents, the claimants for material in this suit, ask for an attorney's fee in this court. The prac-

tice seems to be for each court to fix attorney's fee when allowable under statute similar to § 6719, O. L.: *Davis v. Parrington,* 281 Fed. 10, 17; *N. Y., N. H. & H. R. Co. v. Ballou & Wright,* 242 Fed. 862, 868; *Mills v. Lehigh Valley R. Co.,* 226 Fed. 812, 814. Defendant indemnity company appealed from the judgment to this court, thereby it delayed the claims for material and compelled defendant material claimants to incur additional expense. We think that said defendants are not only entitled to costs and disbursements here but also a reasonable attorney's fee, which we find to be $750.

Plaintiff, who is cross-appellant, also claims an attorney's fee from indemnity company. Plaintiff is not a prevailing party as against defendant indemnity company. It was awarded no judgment against said indemnity company. Plaintiff voluntarily elected to demand the money retained by defendant highway commission under contract with its partnership aforesaid; § 6718, O. L., as amended by G. L. 1923, ch. 24, authorizes this proceeding. The money so retained by defendant highway commission and paid into court was sufficient to pay the laborers' claims in full. Plaintiff accepted that amount. Plaintiff therefore is not entitled to a judgment against defendant indemnity company. He has not prevailed against it.

Other questions are discussed but are not necessary to a decision of the case. These conclusions require the decree to be affirmed and it is so ordered.

AFFIRMED.

BROWN, J., absent.