Argued October 9, 1930; affirmed January 27, 1931

## LEWIS *v*. CONTINENTAL CASUALTY CO.
(295 P. 450)

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief) for appellant.

*Homer D. Angell,* of Portland (John B. Bell, Jr., of Eugene, and Angell, Fisher & Sabin, of Portland, on the brief) for respondent.

RAND, J. This is an action at law to recover, under a policy insuring plaintiff against loss by burglary, theft or larceny, for an alleged theft of a diamond, the property of plaintiff's wife. The policy covers jewelry, precious stones and other articles

designated in a schedule annexed, "owned by the assured or by any permanent member of the household of the assured who does not pay board or rent, or by a relative of the assured permanently residing with him, but shall not apply to such property owned by a domestic servant or other employee of the assured." The policy limited defendant's liability by providing that it should be liable only for losses occasioned by burglary, theft or larceny "committed by a guest or by any domestic servant or other employee of the assured or by any person whose property is not covered hereby." The cause was put at issue and a trial was had in the court below without the intervention of a jury. The trial court made a general finding, sustaining plaintiff's claim, and gave judgment in favor of plaintiff, from which defendant has appealed.

■ Defendant's contention is that the evidence was not sufficient to support the finding that the diamond had been stolen.

It appeared from the evidence of plaintiff and his wife that the diamond in question was one of two matched stones which plaintiff purchased and gave to his wife in 1905; that the two stones were first set in a ring; that, about 1910, a necklace was purchased by plaintiff and given to his wife; that the necklace had two pendants, in each of which one of said diamonds was set; that the necklace, while not being worn, was kept in the bottom of a top drawer in a dresser in plaintiff's bedroom beneath a paper covering the bottom of the drawer, over which articles of clothing were placed; that about six days before the diamond was stolen, plaintiff's wife took the necklace from the drawer and, after examining it and finding that both diamonds were in place, she replaced it under the paper and clothing at the bottom of said drawer; that the

necklace was at that time intact was testified to by plaintiff's wife and Mrs. Smart, plaintiff's daughter; that, on September 10, 1928, plaintiff's wife took said necklace from the drawer, intending to wear it that evening at some social function, and at that time found that one of the pendants containing the diamond in question had been forcibly broken from the necklace and was missing; that a thorough search was then made for the diamond and that it could not be found; that, on the following day, plaintiff was notified by his wife of its loss and on the same day he notified the police department; that, on the following day he notified the agent of the insurance company that the diamond had been stolen.

Plaintiff's family consisted of himself and wife. They kept two servants, a cook and a Filipino boy, both of whom had access to the bedroom. A part of the boy's duties was to make the beds and clean up the room and also to place in the dresser, including the drawer where the diamond was kept, clothing that had been returned from the laundry. A few days before the loss of the diamond was discovered, this boy left plaintiff's employ, claiming that he was ill and stating that he was going to a hospital for treatment. Later plaintiff ascertained that the boy had not been sick and that he had not gone to a hospital, but was employed by another family in that neighborhood.

The evidence showed that the diamond had been securely attached to the pendant and the pendant to the necklace; that it had been examined a short time before and found to be securely and safely set in the pendant. The testimony showed that, when the loss of the diamond was discovered, the pendant containing the diamond had been forcibly broken from the necklace.

There was also other evidence tending to show that a few days before the diamond was found to be missing, painters had been employed to work in an adjoining room, and that the bedroom and the drawer containing the necklace were unlocked.

Plaintiff and his wife and married daughter, who lived in another house, were all witnesses and testified to facts which showed that the diamond had not been merely lost but had been stolen. There was no suggestion made that plaintiff, who has been one of the leading merchants of Portland for many years, or his family, was not entitled to full credence. Their testimony was sufficient, if believed, to show that the diamond had been feloniously taken. Since there was evidence sufficient to support the finding of the trial court, his finding is binding upon this court, under Oregon Code 1930, § 2-503, which provides that the facts found by the trial court in a law action are deemed a verdict.

■ Upon the hearing in this court, plaintiff's counsel moved that 10 per cent of the amount of the judgment be assessed against defendant as damages under Oregon Code 1930, § 7-514, which provides that, where the purpose of an appeal is delay, such damages shall be assessed. See *Loveland v. Plant,* 132 Or. 619 (287 P. 219). We cannot, however, say, as a matter of fact under the circumstances disclosed by the evidence, that the appeal was taken for the purpose of delay only. Hence, the motion must be denied.

■ Counsel for plaintiff also moved that plaintiff be allowed additional attorney's fees upon the appeal. Under Oregon Code 1930, § 46-134, where a loss has occurred of any property covered by a policy of insurance and settlement is not made within six months from the date when the proof of loss is filed, nor a

tender made of an amount equal to the sum for which judgment is obtained, plaintiff shall be entitled to recover reasonable attorney's fees in the suit or action brought to recover for such loss. In his complaint, plaintiff prayed for $300 attorney's fees. The trial court allowed attorney's fees of $150 as a reasonable amount to be allowed for the services of plaintiff's attorney in the trial court. We are of the opinion that, in the absence of a statute authorizing it, this court has no power to award attorney's fees for services rendered for one of the litigants by an attorney upon appeal in a law action.

Finding no error in the record, the judgment will be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.