Argued October 4; affirmed November 28, 1944

STATE ᴇx ʀᴇʟ. CASEY *v.* CASEY

(153 P. (2d) 700)

Before BAILEY, Chief Justice, and KELLY, LUSK, BRAND and HAY, Associate Justices.

*William B. Murray,* of Portland, for appellant.
*Francis F. Yunker,* of Portland, for respondent.

BAILEY, C. J. On May 11, 1937, Margaret M. Casey was granted a divorce from her husband, Edwin F. Casey, and awarded the care, custody and control of their four minor children. No provision was made for the maintenance of Mrs. Casey or the support of the children. The court, however, reserved the right to fix the amount which the defendant should pay for the children's support. After due notice to him, the court on July 23, 1937, entered an order requiring the defendant to pay to the clerk of the court the sum of $30 per month, beginning in August, 1937, for the support and maintenance of the three youngest children. The eldest, a daughter, had married and thereby attained majority, between the date of the decree and the making of that order.

Margaret M. Casey subsequently married Henry Colson. On December 15, 1943, she instituted this proceeding, in which she will hereinafter be referred to as the plaintiff, by filing a motion, supported by her affidavit, for an order requiring Edwin F. Casey to show cause why he should not be punished as for contempt of court, for failure to pay the monthly installments which he had been ordered to pay to the clerk for the support of the three minor children, which delinquency she declared to be about $900. In resisting her motion the defendant filed an affidavit in which he stated that since the entry of the order requiring him to contribute to their support all the children have reached majority; that they make no claim to the unpaid installments; and that the plaintiff does not intend to use the money for the benefit of the children but for the purpose of buying a farm for herself and her husband.

After a hearing the court entered an order by which the defendant was found guilty of contempt. Sentence

on such contempt was continued on condition that the "defendant pay to the clerk of the court on account of the delinquency herein the sum of $75 per month, beginning January 1, 1944". From that order the defendant has appealed.

Only one assignment of error is set forth in the defendant's brief on appeal, to wit: That the court erred in adjudging the defendant in contempt for failure to pay the monthly installments ordered by it. Two grounds relied upon by the defendant in support of this assignment are, in his language, the following: (1) "Divorced wife awarded custody of children has no proprietary rights in amounts ordered paid clerk for support of children"; and (2) "Divorced wife can not recover from former husband amounts latter failed to pay for support of children, without pleading and proving what sums she was required to pay, and did pay, for that purpose."

■ It is argued by the defendant that inasmuch as the amounts which he was ordered to pay for the support of the children were to be paid to the clerk of the court, and no mention was made in the order of the clerk's turning over the installments to the defendant's former wife, she had no interest in the enforcement of that order. Section 9-914, O. C. L. A., provides in part as follows:

"Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows:

"(1) For the future care and custody of the minor children of the marriage, as it may deem just and proper, * * *

"(2) For the recovery from the party in fault, and not allowed the care and custody of such children, such an amount of money, in gross or in in-

stallments, as may be just and proper for such party to contribute toward the nurture and education thereof;

\* \* \*

"(5) For the appointment of one or more trustees to collect, receive, expend, manage or invest, in such manner as the court shall direct, any sum of money decreed for the maintenance of the wife or the nurture and education of minor children committed to her care and custody."

In the instant case, as hereinbefore pointed out, the court did award the custody of the minor children to the plaintiff, and further ordered that the defendant pay a fixed amount every month to the clerk of the court for their support. No trustee or trustees were appointed to receive and expend the money so decreed for the maintenance of the children. It is therefore apparent that the only proper and sensible construction to be given the order is that the money required of the defendant was to be paid to the clerk for the purpose of being turned over by that official to the custodian of the children, their mother.

■ Until they attain majority, children of divorced parents remain wards of the court which granted the divorce: *Hertzen v. Hertzen*, 104 Or. 423, 426, 208 P. 580. And the court retains jurisdiction over the subject matter for the purpose of requiring compliance with its decree in respect to their maintenance and support: *Ward v. Ward*, 156 Or. 686, 68 P. (2d) 763, 69 P. (2d) 963.

Prior to the amendment in 1921 of § 514, O. L., now § 9-915, O. C. L. A., as amended, the court in which a decree of divorce had been granted had power to set aside, alter or modify so much of the decree as provided for the care and custody of minor children or for

their nurture and education or for the maintenance of either party to the suit. That power was not limited to future installments but existed and could be exercised, upon a proper showing, as to installments which had already accrued: *Brandt v. Brandt,* 40 Or. 477, 67 P. 508; *Mason v. Mason,* 148 Or. 34, 34 P. (2d) 328. For the reason that the decree was indefinite as to duration and amount to be paid, it could not be enforced by execution. It was merely a personal decree and could be enforced only by attachment of the person, by means of contempt proceedings; *Mason v. Mason,* supra; *State ex rel. Tolls v. Tolls,* 160 Or. 317, 85 P. (2d) 366, 119 A. L. R. 1370.

Section 11-501, O. C. L. A., relating to contempt proceedings, remained unaltered from the time of its enactment in 1862 until 1923 (Oregon Laws 1923, chapter 165, § 1). Prior to such amendment that section (§ 670, O. L.), in so far as material here, read thus:

> "The following acts or omissions, in respect to a court of justice, or proceedings therein, are deemed to be contempts of the authority of the court:
>
> * * *
>
> "(5) Disobedience of any lawful judgment, decree, order, or process of the court."

It was under that section of the code that recalcitrant husbands and fathers were coerced to contribute to the maintenance of their former wives or the support of their minor children. Proceedings thereunder were brought in the name of the state of Oregon on the relation of the aggrieved party: § 675, O. L. (now § 11-506, O. C. L. A.); *State ex rel. Hewson v. Hewson,* 129 Or. 612, 277 P. 1012, 63 A. L. R., 1216.

The legislature in 1921 amended § 514, O. L., by providing that a decree in divorce proceedings "shall

be a final judgment as to any installment or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same", and providing further that the court "shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which have accrued prior to the filing of such motion": Oregon Laws 1921, chapter 114. This court has held that a decree of divorce entered after the enactment of that amendment constitutes a final judgment as to all accrued and unpaid installments, and that after the docketing of such judgment, execution may issue as upon ordinary judgments for the payment of money: *Forbes v. Jennings,* 124 Or. 497, 264 P. 856; *Stephens v. Stephens,* 170 Or. 363, 132 P. (2d) 992.

In 1923 the legislature amended subdivision 5 of § 670, O. L. (now § 11-501, O. C. L. A.), by adding thereto the following words: "including judgments, orders and decrees for the payment of suit money, alimony and attorney's fees pendente lite, or by final decree, in suits for dissolution of marriages". What prompted that amendment is not certain, but apparently some question had arisen as to the power of the court to punish for contempt noncompliance with its orders to pay money for the maintenance of divorced wives and minor children, inasmuch as by the amendment of § 514, O. L., in 1921, all delinquent and unpaid installments were declared to be final judgments and were enforcible by levy and execution.

■ By virtue of the 1923 amendment of the contempt statute no doubt could exist but that the court is granted

power to enforce payment of suit money, alimony and attorney's fees ordered paid either pending or upon the final determination of divorce proceedings. The question with which we are here confronted is whether the word "alimony" as used by the legislature in that amendment includes support and maintenance of minor children as well as divorced wives.

■ In a strict legal sense, "alimony" means an allowance which the husband is required to pay to the wife for her maintenance pending or following her divorce or legal separation from him. In a broader sense, however, it covers an award made for the support of minor children: *Burr v. Burr,* 7 Hill (N. Y.) 207, 213; *Schafer v. Schafer,* 118 Misc. 254, 193 N. Y. S. 43, 44; *Bucknan v. Bucknan,* 176 Mass. 229, 230, 57 N. E. 343, 344, 49 L. R. A. 735; *Brown v. Brown,* 222 Mass. 415, 111 N. E. 42, 43; *Bacigalupi v. Bacigalupi,* 72 Cal. App. 654, 238 P. 93; annotation, 137 A. L. R. 884. See also, in this con-. nection, *Brown v. Brown,* 135 Mich. 141, 97 N. W. 396, and authorities therein cited. The legislatures of some of the states have used the word "alimony" in the sense of support for minor children: *Fussell v. State,* 102 Neb. 117, 166 N. W. 197, L. R. A. 1918 F 421; *Brown v. Brown,* 135 Mich. 141, 97 N. W. 396.

During the period of more than twenty years intervening since the amendment in 1923 of the statute relating to contempt proceedings, the bench and bar of this state have never questioned the authority of the court to punish for contempt the failure of a divorced father to obey the court's order requiring him to contribute to the support of his minor children. In hundreds of cases in the circuit court punishment as for contempt has been imposed for such disobedience, and in many instances in which appeal has been taken

this court has upheld the trial court's action in enforcing its order by contempt proceedings.

In *State v. Francis,* 126 Or. 253, 269 P. 878, the defendant, divorced from his wife, was convicted of the crime of failing to support his two minor children. On appeal he contended that the court in which the divorce was granted had power to require him to support his minor children and to punish him for contempt upon his failure to do so, and that therefore the criminal statute under which he was convicted had no application to his offense. This court, in disposing of that contention, without expressly defining the word, treated "alimony" as including support of minor children and held that under § 11-501, subdivision 5, O. C. L. A., a delinquent father could be punished in contempt proceedings for failure to comply with the court's order requiring him to support his minor children, and that his liability to such punishment did not preclude his being prosecuted under the criminal statute. Many cases in this court can probably be found in which the word "alimony" is applied to allowances made for the maintenance of a wife and minor children. Two such instances are *State ex rel. Hall v. Hall,* 153 Or. 127, 55 P. (2d) 1102; and *State ex rel. Dean v. Dean,* 136 Or. 694, 300 P. 1027, 86 A. L. R. 79.

■ It is our opinion that the legislature intended the word "alimony" as used in subdivision 5 of § 11-501, O. C. L. A., to include sums of money directed by judgments, orders and decrees to be paid for the support and maintenance of minor children of divorced parents, as well as allowances for the maintenance of divorced wives. The duty of a father to support his minor children is of as much importance as, if not more than, his obligation to maintain his divorced wife. En-

forcement of that duty is more efficacious through contempt proceedings than by means of execution. The delinquent father may have it easily in his power to raise and pay the money, even though execution may be unavailing.

In 1941 the legislature further amended subdivision 5 of § 11-501, O. C. L. A., by making it apply to suits for separation from bed and board: Oregon Laws 1941, chapter 406, § 1.

■ Failure to pay money for the support of minor children as ordered is not a contempt *per se*. Inability to pay is a complete defense to a charge of failing to comply with the order of the court, unless such inability is brought about by contumacy of the defendant: *State ex rel. Mallett v. Shannon,* 155 Or. 382, 64 P. (2d) 87. In the case at bar the circuit court found that the defendant was able to pay $75 monthly, to be applied on the delinquent installments, and in that we concur.

This proceeding was not instituted until after all the children whose support is concerned had reached majority. The question therefore arises whether or not the power of the court to punish the defendant for contempt has come to an end. We have hereinabove held that under the construction which we have accorded subdivision 5 of § 11-501, O. C. L. A., disobedience of a lawful decree of the court for the payment of money for the support of minor children constitutes contempt of the authority of the court.

■ When the order was entered requiring the defendant to contribute $30 per month for the support of his minor children, the ability of the defendant to pay was thereby adjudicated. And all that the plaintiff was required to show in her affidavit accompanying

the motion herein was that the defendant had failed to pay the amounts ordered. If he was unable to pay, that was a matter of defense for him to plead and prove: *State ex rel. Grover v. Grover,* 158 Or. 635, 77 P. (2d) 430.

The defendant does not show in his affidavit that he was unable to pay the monthly installments as they accrued. He does state, it is true, that "since said decree was entered, I have contributed to the support of said children to the best of my ability, but unfortunately I have been severely injured by an industrial accident and have been rated 95% permanently and partially disabled." The assertion that he has contributed to the children's support to the best of his ability is merely a conclusion, unsupported by any statement of facts. Nowhere does it appear how much property, if any, the defendant possessed during the minority of his children, or how much income he then had, either from his earnings or from disability compensation. Further on in his affidavit he says: "I am willing to pay such delinquent sums that may have accrued by reason of said order to said children for their benefit as provided for in said decree, but the plaintiff does not intend to use said money for the benefit of said children, but to the contrary, I am informed and believe, proposes to use the money to buy a farm for herself and the said Henry Colson."

■ Inasmuch as the defendant has failed to establish that his disregard of the court's order during the minority of his children was not wilful, the circuit court did not err in adjudging him in contempt. Had his failure to comply with the order of the court before the children attained majority been caused by his in-

ability to pay, a different question would arise as to the right of the court now, after the children have reached majority, to coerce him through contempt proceedings to obey its order.

■ It is argued by the defendant that the plaintiff cannot recover from her former husband for her maintenance of the minor children, without pleading and proving the amount she was required to expend and did expend for that purpose. To support that contention he cites *Pavuk v. Scheetz,* 108 Ind. A 494, 29 N. E. (2d) 992, and 27 C. J. S., page 1225, § 321. In the case at bar, however, the plaintiff is not seeking to recover judgment against the defendant for money expended by her for the support of the children, as in the case he cites, but to compel him to obey the order of the court. The defendant can not in this proceeding attack the validity of that order: *State ex rel. Hewson v. Hewson,* supra. Nor may we be concerned herein with the use that the plaintiff may intend to make of the money which the defendant has been ordered to pay.

■ The plaintiff has filed a motion requesting that she be allowed a reasonable attorney's fee on this appeal. Her request is based on § 11-512, O. C. L. A., which provides that in contempt proceedings to compel compliance with an order of the court made in a suit to dissolve a marriage contract the court may award to the prevailing party reasonable attorneys' fees. As we construe that statute, its application is limited to the court in which the proceeding is instituted. Inasmuch as there is no statutory provision for attorneys' fees for services rendered on appeal in a case of this kind, we have no authority to allow them: *State ex rel. Ken-*

*dall v. Mohler,* 115 Or. 562, 579, 237 P. 690, 239 P. 193; *Lewis v. Continental Casualty Company,* 135 Or. 170, 295 P. 450; *Spicer v. Benefit Association of Railway Employees,* 142 Or. 574, 589, 17 P. (2d) 1107, 21 P. (2d) 187, 90 A. L. R. 517.

The order of the circuit court from which this appeal was taken is hereby affirmed.