## OREGON MESABI CORPORATION v. C. D. JOHNSON LUMBER CORPORATION.

### Nos. 11569, 11570.

Circuit Court of Appeals, Ninth Circuit.

March 3, 1948.

For former opinions, see 166 F.2d 997, 1002.

Laing, Gray & Smith, Henry S. Gray, and John R. Becker, all of Portland, Or., for appellant.

King & Wood, Robert S. Miller, and Edward E. Grant, all of Portland, Or., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

### Nos. 11569, 11570.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1948.

See also 166 F.2d 997, and 166 F.2d 1002.

Laing, Gray & Smith, Henry S. Gray, and John R. Becker, all of Portland, Or., for appellant.

King & Wood, Robert S. Miller, and Edward E. Grant, all of Portland, Or., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

Appellant seeks to recover as costs on his appeals in these cases (a) the expenditure for his briefs and (b) a reasonable attorney's fee.

▆▆ (a) A rule of the Supreme Court of Oregon allows the cost of printed briefs not exceeding $1.25 a page in all appeals. Appellant claims the Conformity Act, 28 U.S.C.A. § 724, requires us to make the same allowance. There is no merit in this contention. The law of this forum prevails as to such general cost provisions. Henkel v. Chicago, St. P., M. & O. Ry Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed 386. It does not include the cost of briefs on appeal.

▆ (b) Section 12-410, Oregon Compiled Statutes Annotated, provides that:

"The costs and disbursements of the defendant, including a reasonable attorney's fee to be fixed by the court at the trial, shall be taxed by the clerk and recovered from the corporation, but if it appear that such corporation tendered the defendant before commencing the action an amount equal to or greater than that assessed by the jury, in such case the corporation shall recover its costs and disbursements from the defendant, but the defendant shall not be required to pay the plaintiff's attorney fee."

Appellant claims that since the statute specifically allows costs in a condemnation proceeding, such a fee should be allowed by this court. The law of Oregon as appearing in Lewis v. Continental Casualty Co., 135 Or. 170, 173, 295 P. 450, involving an analogous Oregon statute specially allowing attorneys' fees as costs in insurance cases is to the contrary. There as here the Oregon Laws of 1930, § 46-134, provided for attorneys' fees to be determined at the trial. It was held that they were allowable only in the lower court. Our decision in Horwitz v. New York Life Ins. Co., 9 Cir., 80 F.2d 295, 302, awarding attorneys' fees on appeal in an insurance case, was based on the Oregon statute as amended in 1931 allowing such costs on appeal.

The motions are denied.