Submitted on briefs April 27, affirmed July 6, 1955

# WILLIAMS *v.* CORBETT
### 286 P. 2d 115

*Cunning & Brewster, Geo. H. Brewster,* Redmond, for appellant.

*DeArmond, Goodrich, Foley & Gray,* Bend, for respondent.

LUSK, J.

A statute of this state confers upon the Wage and Hour Commission the authority to establish minimum wages and maximum hours for employed women. ORS 653.110, 653.125, 653.205 to 653.250, and 653.305. This statute was held constitutional in *Stettler v. O'Hara,* 69 Or 519, 139 P 743, aff. 243 US 629, 61 L ed 937, 37 S Ct 475. Under date of November 13, 1947, the Commission promulgated an order, known as Public Housekeeping Order No. 14 (hereinafter referred to as Order No. 14), providing, among other things, for minimum wages and maximum hours for "experienced" women employed in "any public housekeeping establishment." So far as here pertinent, the order provided:

"1. No experienced woman or minor shall be employed at a wage less than sixty-five cents (65¢) an hour.

\* \* \* \* \*

"5. No woman or minor shall be employed more than eight (8) hours in any one (1) day or more than forty-four (44) hours or six (6) days in any one (1) week. Every woman and minor shall have one day's rest in seven.

"6. An employer may, in case of emergency, apply to the Wage and Hour Commission, Salem, Oregon, for a special overtime permit to work his employes longer hours than those specified above.

The special permit will be issued only on condition that the experienced worker receive at least ninety-seven and one-half cents (97½¢) an hour for all time in excess of the regular hours."

ORS 653.245 provides:

"If any woman worker is paid by her employer less than the minimum wage to which she is entitled under any order of the commission, she may recover in a civil action the full amount of her minimum wage less any amount actually paid to her by her employer, together with such attorneys' fees as may be allowed by the court. No agreement for her to work for less than such minimum wage shall be a defense to such action."

From May 1, 1948, to December 14, 1948, the plaintiff was employed by the defendant as the housekeeper of the Colonial Inn at Bend, Oregon, a rooming and lodging establishment owned and operated by the defendant. She brought this action to recover the difference between the wages actually paid her and the amount to which she claimed to be entitled under Order No. 14 for the hours that she worked in excess of 44 hours a week. She alleged that during the time in question she earned $3,062.80; that she was paid only $1507.00; and that there was due and owing to her $1,555.80. She also asked for an attorney's fee in the amount of $325.00. Defenses interposed in the answer of the defendant will be sufficiently disclosed in the discussion of the assignments of error.

■ At the conclusion of the evidence, in a jury trial, each of the parties submitted a motion for a directed verdict, thus waiving the right to a jury trial and casting upon the trial judge the whole duty of deciding the case. *Conger v. Eugene Plywood Co.*, 184 Or 649, 654, 200 P2d 936, and cases there cited. The court

entered findings and a judgment in favor of the plaintiff for the recovery of $966.80 with interest and $325.00 attorney's fee. The defendant has appealed.

The first assignment of error challenges the correctness of the court's conclusion of law that the plaintiff was entitled to be paid at the rate of 97½ cents per hour (time and a half) for each hour of work over the limit of 44 hours per week.

It is not disputed that if she was entitled to be paid at the overtime rate the amount of the judgment for wages was correct.

■ In support of the assignment it is contended, first, that the order in question is not applicable to this case because no "special overtime permit" to work his employees longer than the standard number of hours, as provided for in Paragraph 6 of Order No. 14, was ever granted to defendant by the Commission. Therefore, says counsel for defendant, the only recourse against him is by the state in a criminal action under the penal provisions of the statute (ORS 653.990), notwithstanding the statute gives the plaintiff the right to recover from her employer the full amount of the minimum wage less any sum already paid. The question thus raised is set at rest by *Pederson v. City of Portland,* 144 Or 437, 444-5, 24 P2d 1031, and *Turney v. J. H. Tillman Co.,* 112 Or 122, 228 P 933. Both these cases arose under a statute of this state relating to the employment of labor by this state or any of its political subdivisions. It provided that no person should be required or permitted to labor more than eight hours in any one day or 48 hours in any one week, "except in cases of necessity, emergency, or where the public policy absolutely requires it, in which event the person or persons so employed for excessive hours shall receive double pay for the overtime so employed."

It was held in these cases, upon reasoning which still seems to us quite convincing, that a working man could recover double pay for overtime notwithstanding there was no emergency or requirement of public policy, and although the employer—though not the laborer—was thereby made subject to prosecution under the penal provisions of the law for its violation. There is no ground of distinction between these precedents and the case at bar.

The Commission passed on November 14, 1947, an order interpretative of Order No. 14 which reads in part as follows:

"The provisions of the orders of the Commission shall apply to all women and minors, except graduate nurses, nurses in training in a school accredited by the State of Oregon, or to women employed in administrative, executive, or professional capacities.

"No woman shall be considered to be employed in an administrative, executive, or professional capacity unless one of the following conditions prevails:

"a. The employe is engaged in work which is *predominantly* intellectual, *managerial,* or creative; which requires exercise of discretion and independent judgment; and for which the remuneration is not less than $200 per month; or  *  *  *". (Italics added.)

The defendant contends that under the foregoing order the plaintiff's employment was exempted from the provisions of Order No. 14 because she was employed in an "administrative" or "executive" capacity and her work was "predominantly" "managerial".

The Colonial Inn was a small hostelry patronized mostly by members of railroad train crews. Plaintiff's job was to clean the rooms, change bed linens, turn the mattresses from time to time, clean the windows, the

hall and the lobby, take care of the lavatories and showers, and attend to the registering of guests. She kept the money paid by the guests until the defendant called for it, but she did not order supplies nor pay the bills. On one occasion, when she wished to go to the dentist, she got permission to take time off for this purpose from the defendant's son, who was manager of the Pilot Butte Inn in Bend. She was instructed by him as to what rooms she should hold in reserve because they were more desirable and commanded higher rates. Generally, she was subject to the orders of the defendant's son.

We do not think that the words "administrative" and "executive", as they are commonly understood, may fairly be said to comprehend the duties of the plaintiff. Those words suggest something higher in the scale of employment than the calling of a maid-of-all-work, with the few additional responsibilities which we have described thrown in. Subdivision (a) of the order does not provide for a separate class of exempt employments; it merely prescribes minimum requirements that must be met before a woman may be considered as one employed in one or another of the three exempted capacities, to wit, administrative, executive and professional. It would be possible for the particular work to possess these minimum requirements, and still not be exempted. The argument of the defendant, therefore, that Order No. 14 is not applicable because the plaintiff's work was "predominantly * * * managerial" misses the point, for the work might be predominantly managerial or intellectual without coming within any of the three exempted classes. Even so, it cannot be held as matter of law that plaintiff's work was *predominantly* managerial. A manager is defined as one who has control of a busi-

ness or business establishment. Webster's New International Dictionary. While some of the plaintiff's duties were managerial in character, her work was not predominantly so, but rather was of a menial nature. At least, there is substantial evidence to support this conclusion, and, that being so, we are not authorized to disturb the court's finding on the question. *Conger v. Eugene Plywood Co.*, supra.

■ It is also urged that the employment was exempted from Order No. 14 because the plaintiff's remuneration was in excess of $200 a month. She received $201 a month plus living quarters. But the three clauses of subdivision (a) of the interpretative order are in the conjunctive, and, at the least, there is no exemption from the provisions of Order No. 14 unless all three of the minimum requirements of (a) are present. At least one, as we have seen, was not present.

■ Entirely without merit is the contention that the agreement of the plaintiff to work for $201 a month, plus living quarters, is a defense to this action. The statute, ORS 653.245, says it is not a defense.

■■ Equally devoid of merit is the argument that the provision for a special overtime permit in Order No. 14 conflicts with ORS 653.255, which makes it unlawful to employ any female in any hotel more than 10 hours in any one day or more than 60 hours in any one week. This section is to be read in pari materia with ORS 653.225 (2), which reads:

"No order of the commission shall authorize or permit employment of any woman for more hours per day or per week than the maximum fixed by law; provided, that in case of emergency which may arise in the conduct of any occupation, overtime may be permitted under conditions and rules which the commission, after investigation, shall determine

and prescribe by order and which shall apply equally to all employers in such occupation."

■ Finally, the defendant asserts that plaintiff was not entitled to an attorney's fee. The statute authorizes the allowance of such a fee in the Circuit Court, and, since plaintiff is entitled to recover for overtime, we know of no reason for saying that the court erred in making the award.

The plaintiff has moved for the allowance of an attorney's fee on this appeal. As there is no statutory authorization for such an award the request must be denied. *State ex rel v. Casey,* 175 Or 328, 339, 153 P2d 700, 172 ALR 862, and cases there cited.

More than four years passed from the day that this action was filed until it was brought to trial. The record discloses no reason whatever justifying this extraordinary delay. We mention the matter because we do not wish by silence to appear to condone so grave an abuse of the judicial process.

The judgment is affirmed.