Argued October 4, affirmed as modified November 7, 1962

# GORMAN ET UX *v.* JONES ET UX
### 375 P. 2d 821

*James M. Blackford* and *Edwin E. Allen,* Eugene, argued the cause for appellants. On the briefs were Bartle & Allen and James M. Blackford.

*Eldon F. Caley,* Roseburg, argued the cause for respondents and cross-appellants. On the brief were Long, Neuner, Dole & Caley.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, LUSK and DENECKE, Justices.

O'CONNELL, J.

This is a suit for a declaratory judgment in which plaintiffs seek a determination of their rights under a written right-of-way agreement. Plaintiffs also pray for a judgment allowing them attorney's fees in accordance with the terms of that agreement. Defendants appeal from a decree interpreting the agreement in accordance with plaintiffs' prayer. Plaintiffs cross-appeal from that part of the decree denying plaintiffs an award of attorney's fees.

On March 26, 1954 plaintiffs and defendants

entered into an agreement entitled "Right-of Way Agreement" which granted a non-exclusive easement of right of way over plaintiffs' farm land to defendants. The agreement contained the following covenant:

"4. In consideration for the grant of said right-of-way and easement, Jones hereby covenant and agree as follows:

"That there is a gate where said roadway connects with the highway and Jones agree in their operation and use of said highway to keep said gate closed except during the time when actually passing through the same. Should Gorman desire to install additional gates along said right-of-way, they may do so and Jones likewise covenant and agree to keep said gates closed except at such times as they are actually being used by Jones under this agreement; provided, however, that Gorman shall not construct or install more than three (3) additional gates, and in the event Gorman should construct cross-fences in excess of three (3) in number, then at the place where said cross-fences intersect said road, Gorman shall at their expense install a suitable cattle guard at the intersection of said cross-fence with said road, it being the intention of the parties herein that no more than three (3) additional gates shall be installed along the route of said road, but as many cattle guards may be installed as Gorman may desire; and provided further that Jones may at their option and at their expense install and maintain cattle guards of sufficient width to turn livestock in lieu of any gates permitted hereunder, but in said event Jones shall also install, adjacent to said cattle guard, a gate for the passage of livestock and shall keep and maintain said gate in good condition. All other cattle guards, except such as are hereunder required to be kept and maintained by Jones, shall be kept and maintained at Gorman's own expense."

Defendants contend that the foregoing paragraph of the agreement gives them the right to substitute a cattle guard and stockgate for any gate placed across the right of way, including the gate at the highway. Plaintiffs contend that defendants have the right to make such substitution only at the interior cross-fences. Specifically, defendants rely upon the proviso that they "may at their option and at their expense install and maintain cattle guards of sufficient width to turn livestock in lieu of any gates permitted hereunder." It will be noted that this proviso is a part of the sentence which provides for installation of "additional gates." These are gates other than that which is installed at the point where the roadway connects with the highway. We therefore construe the proviso as being applicable only to the additional gates.

Defendants further contend that changes in the character of the use of an easement may be made by the dominant owner if the changes do not materially increase the burden upon the servient estate. It is asserted that the burden on the servient estate would not be increased by the substitution of a cattle guard and stock gate for the gate at the juncture of the easement and highway.

The principle that the use of an easement may be expanded with changes in the character of the use of the dominant tenement is applicable only when it can be said that the parties intended such expanded use.[1] We do not regard this principle as having application where the parties expressly provide for a limitation upon the character of the use and where there is no

[1] 5 Restatement, Property, Servitudes § 484 (1944); Tiffany, Real Property § 802 (3rd ed 1939). See, 2 American Law of Property §§ 8.64-8.66 (Casner ed 1952); 3 Powell, Real Property § 415, pp. 462-3 (1962).

evidence showing an intent to modify the agreement in this respect.

■ We turn to plaintiffs' cross-appeal. The written agreement provided as follows:

"In the event suit or action be instituted by either party against the other for the termination, enforcement or breach of this agreement, then the prevailing party shall be entitled to such sum, in addition to costs and disbursements, as the court may adjudge reasonable for attorneys' fees."

Both parties alleged in their pleadings that $350 was a reasonable attorney's fee to be allowed the prevailing party "for the declaration and enforcement of said agreement." The trial court denied an award of an attorney's fee to plaintiffs "on the grounds that defendants' contentions herein, though erroneous, were sincere." Plaintiffs' suit was clearly for the "enforcement * * * of this agreement." The trial court had no right to disregard the terms of the contract providing for the payment of a reasonable attorney's fee.[8] In effect, the parties have stipulated by their pleadings that $350 is a reasonable fee. Therefore, plaintiffs are entitled to that fee.

■■ Plaintiffs further contend that they are entitled to the sum of $250 as a reasonable attorney's fee upon appeal. A party has no right to an attorney's fee upon appeal in the absence of a statute authorizing it.[9] There is no such statute in the type of case before us.

The decree of the lower court is affirmed except as to that part of the decree which denies plaintiffs a reasonable attorney's fee.

[8] Sellgren v. Boyer, 207 Or 521, 297 P2d 864 (1956) followed in Baker v. Deter, 215 Or 612, 336 P2d 903 (1959).

[9] Williams v. Corbett, 205 Or 69, 286 P2d 115 (1955); State ex rel Casey v. Casey, 175 Or 328, 153 P2d 700 (1944); Lewis v. Continental Casualty Co., 135 Or 170, 174, 295 P 450 (1931).