Argued September 6, affirmed October 9, petition for rehearing denied November 5, 1963, petition for attorney's fees denied January 29, 1964

## ADAIR ET AL *v.* McATEE

385 P. 2d 621
388 P. 2d 748

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. With him on the brief was Quentin D. Steele, Klamath Falls.

*O. W. Goakey,* Klamath Falls, argued the cause for respondents. With him on the brief was Philip J. Engelgau, Klamath Falls.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

Defendant McAtee bought furniture from plaintiffs, Adair. McAtee signed conditional sales contracts to secure his obligation to pay the purchase price. The contracts were not signed by either plaintiff. However, the furniture was delivered to McAtee and was used by him for the purposes intended. He made some payments as required by his contract and thereafter failed to make further payment.

This was an action by Adairs to recover the purchase price. McAtee, in defense, claimed that there were no contracts because of the failure of either Adair to sign the contracts in question. The trial court awarded judgment for plaintiffs and McAtee appeals.

The rule is clear that a contract can be binding and enforceable even though not signed by one of the parties, if the party not signing adopts the contract by performance. *Title & Trust Co. v. Nelson,* 1937, 157 Or 585, 592, 71 P2d 1081, 114 ALR 1196; *Sammons v. Paterson et al,* 1928, 127 Or 11, 270 P 499; Estrich, Instalment Sales, 1926, page 212; 2 Corbin, Contracts, 1950, § 524, page 774.

Plaintiffs Adair adopted the contracts by full performance upon their part immediately after the contracts were signed by McAtee. In this instance it was meaningless whether the Adairs did or did not sign

the contracts. The assignments of error addressed to this issue lack merit.

■ In this appeal McAtee attempts, for the first time, to claim that Adairs were not the real parties in interest. The matter was not presented to the trial court and will not be considered here. *Arney, Gohn v. City of North Bend,* 1959, 218 Or 471, 475, 476, 344 P2d 924, 926, 927.

Affirmed.

## ON PETITION FOR ATTORNEY'S FEES

O. W. Goakey, Klamath Falls, for the petition.

O'CONNELL, J.

Plaintiffs, who prevailed petition this court for an order allowing attorney's fees on appeal.

Plaintiffs' action was upon a contract which contained a provision that "in case suit or action is instituted to collect said sum or any part thereof, purchaser promises to pay such additional sum as the Court may adjudge reasonable as Attorney's fees in such suit or action."

The Oregon cases involving the right to attorney's fees on appeal are in hopeless confusion. It is likely that one source of the confusion is the ambiguity in the early pronouncement of this court to the effect that a party has no right to an attorney's fee on appeal in the absence of a statute authorizing it. This pronouncement has been taken to mean that unless there is a statute expressly making provision for an attorney's fee *on appeal* none can be allowed either by this court or by the trial court. Thus where a statute simply provides that the prevailing party is entitled to attorney's fees it is construed to permit recovery only for the attorney's services in the proceedings prior to appeal.[1] And even where the parties have contracted that the prevailing party shall be entitled to attorney's fees, we have held that they will not be allowed for services on appeal.[2]

---

[1] Williams v. Corbett, 205 Or 69, 286 P2d 115 (1955); State ex rel v. Casey, 175 Or 328, 153 P2d 700, 172 ALR 862 (1944); Lewis v. Continental Casualty Co., 135 Or 170, 295 P 450 (1931); State v. Mohler, 115 Or 562, 237 P 690, 239 P 193 (1925).

[2] Gorman v. Jones, 232 Or 416 at 420, 375 P2d 821 at 823 (1962), without qualifying language states that "A party has no right to an attorney's fee upon appeal in the absence of a statute authorizing it." However, in Keller v. Lonsdale, 216 Or 339 at 353, 339 P2d 112, 118 (1959) it is held that attorney's

On the other hand, we have construed a statute providing for the allowance of attorney's fees as including attorney's fees on appeal.[3] In some cases we have allowed a fixed attorney's fee in this court.[4] In other cases we have left the door open for an application to the trial court for attorney's fees for services rendered on appeal, though we have refused to make an award ourselves on the ground that in the absence of a statute we have no power to make such an award.[5]

It is fair to assume that contracts for the payment of attorney's fees to the prevailing party entered into after the decision in *Keller v. Lonsdale,* 216 Or 339, 339 P2d 112 (1959), and certainly after *Gorman v. Jones,* 232 Or 416, 375 P2d 821 (1962), were drawn with the understanding that in the absence of an express provision for attorney's fees on appeal they would not be allowed. And even before these latter cases were handed down, apparently it was generally understood among the members of the bar that a general contractual stipulation for attorney's fees would not include attorney's fees on appeal, for out of all the appealed cases involving contracts usually containing a provision for attorney's fees there have been relatively few in which the prevailing party has petitioned the court for such fees.

---

fees for services upon appeal will not be allowed "In the absence of precedent, legislative sanction, *or a contractual stipulation contemplating such an allowance on appeal * * * *."

[3] Goodspeed v. Duby, 131 Or 275, 283 P 6 (1929).

[4] Purcell v. Washington Fidelity National Insurance Co., 146 Or 475, 30 P2d 742 (1934); Spicer v. Benefit Association of Railway Emp., 142 Or 574, 17 P2d 1107, 21 P2d 187, 90 ALR 517 (1933).

[5] Electrical Products Corp. v. Ziegler Stores, 141 Or 117, 10 P2d 910, 15 P2d 1078 (1932) (dismissed without prejudice to application in lower court).

Were it not for the foregoing considerations we would hold that a general contractual provision for attorney's fees would include allowance for services rendered upon appeal. But in view of the circumstances recited above, we are of the opinion that the confusion should be resolved by the prospective action of the legislature, and that until it is so resolved attorney's fees will not be allowed upon appeal in the absence of a statute so providing or in the absence of an express agreement that the prevailing party is entitled to attorney's fees on appeal.

The petition for the allowance of attorney's fees is denied.

SLOAN, J., dissenting.

It is the duty of the court, not the legislature, to construe contracts. Because the decisions in two of our recent cases were admittedly wrong and the earlier cases present a pattern of confusion is no reason to now abdicate our duty. Anyone who has studied the former decisions would be ill-advised to prepare contracts in reliance thereon. The majority opinion cites the cases where the court has held that fees were payable on appeal and fixed the amount thereof. And because the majority now more pointedly cry for help is no reason to believe that the legislature is more likely to relieve us of previous error than has been true in the past. The court's attempt in *Landgraver v. Emanuel Lutheran*, 1955, 203 Or 489, 494, 280 P2d 301, to shift a similar burden to the legislature was futile and eventually it became necessary for the court to rectify its own errors. *Hungerford v. Portland Sanitarium & Benev. Ass'n.*, 1963, 235 Or 412, 384 P2d 1009.

Although the present case does not involve an issue as significant as that of charitable immunity, it is no less a matter for this court to face and decide. The direct effect of the refusal to allow fees is to deprive the owner of the contract of the full amount of the debt that is due. As in *Beardsley v. Hill,* 1959, 219 Or 440, 348 P2d 58, the confusing pattern of prior decisions should be erased and attorney's fees should be allowed.