Argued January 7, affirmed June 10, petition for
rehearing denied July 21, 1970

## HUGHES, *Appellant, v.* BEMBRY ET UX,
## *Respondents and Cross-Appellants.*
### 470 P2d 151

*George M. Joseph*, Portland, argued the cause for appellant. On the brief was Boyd J. Long, Portland.

*Howard R. Hedrick*, Portland, argued the cause and filed a brief for respondents and cross-appellants.

Before PERRY,* Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

---

* Perry, C.J., did not participate in this decision.

DENECKE, J.

The plaintiff trustee in bankruptcy brought this law action for money claimed due because of the sale of a building by the bankrupts to the defendants. The court sitting without a jury found for the defendants and plaintiff appeals.

The plaintiff trustee's bankrupts are Mr. and Mrs. Notz. In 1963 Mr. Notz and his mother leased premises from the defendants for a term of 10 years with an option to renew for two additional five-year terms and with an option to purchase.

Apparently during the term of this 1963 lease, Mr. Notz constructed a building on the premises. Subsequently, Mr. Notz suggested to defendants that they buy a contiguous lot which he would also lease from them, buy his building, and enter into a new lease with Mr. Notz and his wife. After negotiations, a new lease was entered into. It provided for a term of seven years and 11 months with an option to renew and an option to purchase. The rent was fixed at $250 per month. The lease recited that the lessees had sold the building to the lessors, as evidenced by a bill of sale, for $12,000, and provided that this sum was to be paid by canceling a $2,000 debt of lessees to lessors, a payment of $5,000 in cash and the balance of $5,000 "to be paid by deducting from the monthly rental of $250.00 the sum of * * * ($150.00) for a period of * * * (33 1/3 [months]) from August 1, 1965."

The lessees paid the first two months' rent, defaulted for subsequent months, and filed bankruptcy. After the filing of bankruptcy, the defendants leased the property to others; however, at the time of trial the property was unoccupied. All the rent due on the

property from the bankrupts' default until the new lease was either paid or waived by the defendants.

The basic question is whether the trustee, as representative of the lessee-sellers, is entitled to collect the balance of the purchase price even though the lessee-sellers defaulted in the payment of rent, giving the lessor-buyers ground for declaring the lease in default and preventing the payment of the purchase price by the agreed reduced-rent method.

The trial court held that the part of the agreement providing for the payment of the balance of the purchase price by occupying the building for reduced rent was in essence a prepayment of rent and that prepaid rent cannot be recovered when the tenant terminates the lease by default. The court held further that in any event the lessees had abandoned the premises, thus terminating the lease and ending any obligation the defendants had thereunder.

In *Sinclair v. Burke*, 133 Or 115, 118, 287 P 686 (1930), we held that prepayments covering the last six months' rent under a lease could not be recovered by a tenant who had terminated his lease by failing to pay the rent due. We based our decision upon the ground that the prepaid rent, according to the terms of the lease, became due at the beginning of the lease term, and upon payment became the absolute property of the landlord and was not subject to divestment by a subsequent termination of the tenancy. Tiffany was in accord with this reasoning. 1 Tiffany, Landlord and Tenant, 1180 (1910).

Such reasoning is inapplicable to the present case as the $5,000 was an amount owed by the landlord to the tenants and not rent which had become due and payable prior to the tenants' default.

■ The trial court's finding of "abandonment" by the tenants does not, in our opinion, solve the problem. "Abandonment" is a termination of the lease by an intentional relinquishment of a known right. *Moore v. United Elkhorn Mines*, 64 Or 342, 350, 127 P 964, 130 P 640 (1913). The Notzes did intend to terminate the tenancy; however, there is no evidence that they intended to give up their right to receive the balance of the purchase price.

■ Viewed strictly as a problem of contract law, the plaintiff is not entitled to recover because the default of the Notzes rendered it impossible for the defendants to pay by the method contracted. It is suggested, however, that a judgment in favor of the defendants would be in effect the enforcement of a forfeiture and the law against unjust enrichment prohibits enforcing such a forfeiture.

Assuming, without deciding, that the plaintiff can rely upon the theory of unjust enrichment, the facts in this case do not show that any unjust enrichment would occur if judgment is entered for the defendants.

■ The law of unjust enrichment is that the measure of the plaintiff's recovery is the amount by which the landlords would otherwise have been enriched. In circumstances such as those here, this amount is measured by the reasonable value of the property received, not the contract price for the property. 2 Restatement 631, Contracts § 357, *Comment on Subsection (3)*; *Carlo Bianchi & Co. v. Builders' Equipment & Sup. Co.*, 347 Mass 636, 199 NE2d 519, 528 (1964).

■ In the present case the plaintiff introduced no specific evidence of the value of the building except the contract price. However, the defendant Ernest Bembry testified without contradiction that if he were

purchasing the building without a tenant and a lease, he would have paid only $7,000 for the building, rather than $12,000. Upon this basis the defendants will not be unjustly enriched by retaining the building without further payments as they have already paid the Notzes $7,000, and defendants admittedly incurred some expenses because of the tenants' default. The Restatement comments: "In determining this enrichment, doubts are resolved in favor of the defendant as the injured party [injured by the default of plaintiff]." 2 Restatement, supra, § 357, p 631.

The defendants have cross-appealed contending that the trial court erred in not awarding them attorney fees pursuant to the lease. The lease provides:

"In the event that it is necessary to bring an action at law or suit in equity to establish, obtain or enforce any right by either of the parties under this lease, then the prevailing party in such action or suit shall be entitled to a reasonable attorney's fee allowance, as well as costs and disbursements of the suit or action."

■ The trial court was of the opinion that this was not an action "to establish, obtain or enforce any right by either of the parties under this lease * * *." We agree. The defendants contended, and rightfully so, in defending against plaintiff's claim, that the lease had terminated. The plaintiff was not attempting to enforce the lease which provided that the balance of the purchase price should be paid by permitting occupancy by payment of only a part of the rental. The plaintiff was attempting to collect the unpaid balance of the purchase price for the sale of the building.

■ We have adopted a narrow policy on the allowance of attorney fees and held that they will not be allowed

unless expressly authorized by a statute or a contract. See *Adair v. McAtee*, 236 Or 391, 393, 385 P2d 621, 388 P2d 748 (1964), in which attorney fees were not allowed on appeal when the contract did not so expressly provide.

Affirmed.