# IN THE OREGON TAX COURT

## MARTIN et al
## *v.*
## DEPARTMENT OF REVENUE
## (TC 1412)

William B. Wyllie, Salem, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion and order denying plaintiffs' cost bill rendered January 20, 1981.

### CARLISLE B. ROBERTS, Judge.

Oral argument on the defendant's Objections to Plaintiffs' Cost Bill was held in the courtroom of the Oregon Tax Court in Salem on December 22, 1980. No statement of disbursements was included in the plaintiffs' Bill of Disbursements on December 16, 1980. Therefore, the plaintiffs, through their counsel, in open court, waived the claim for "disbursements" but orally repeated the claim for $8,200 of attorney fees.

The defendant alleged that ORS 305.490(2) (set out below) does not contemplate attorney fees in a case involving

an employer's duty to withhold and remit to the Department of Revenue a part of a taxpayer's earnings under the withholding tax statutes in payment of personal income taxes. Additionally, the defendant alleges that the plaintiffs are not entitled to costs because they have not prevailed upon the issues presented by them to this court.

The defendant stated also that the form of decision filed by defendant's counsel in the court on December 10, 1980, mistakenly failed to include the last words of the court's Journal Entry, filed November 20, 1980, which read: "No costs to either party." The court was asked to amend the erroneous decision to conform to the court's Journal.

In Hughes v. Bembry, 256 Or 172, 177-178, 470 P2d 151, 153-154 (1970), Justice Denecke wrote:

> "We have adopted a narrow policy on the allowance of attorney fees and held that they will not be allowed unless expressly authorized by a statute or a contract. * * *"

A similar decision was reached in *Adair v. McAtee,* 236 Or 391, 385 P2d 621, 388 P2d 748 (1964), *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974), and *State, Department of Social & Health v. Gerlack,* 26 Wash App 541, 612 P2d 382 (1980).

ORS 305.490(2) states:

> "If, in any proceeding under this section involving taxes upon or measured by net income in which an individual taxpayer is a party, * * * the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursements: (a) Reasonable attorney fees * * *."

Is the first condition of the statute satisfied in this suit; that is, is the plaintiff Marvin Martin a prevailing party?[1]

---

[1] Although the words "prevaling party" are not used in ORS 305.490(2), it is clear that the statutory intent is to award an individual taxpayer or executor (but not a corporation, as such, or an administrative agency) requested attorney fees only if the court grants the taxpayer a refund or denies a claim for additional taxes. Such an affirmative judgment or decree in favor of the taxpayer brings him within the well-known legal definition of "prevailing party." 33A *Words and Phrases* (perm ed) 116.

The first count of plaintiff Martin's amended complaint was dismissed for lack of jurisdiction. The second count involved correction of an arithmetical error in computing a refund of approximately $11.93, plus interest. The refund was granted by the defendant and the arithmetical error was conceded by the defendant voluntarily.

In a recent case, a plaintiff sued for specific performance of a contract. The demand was denied and therefore it would seem that the defendant prevailed; however, the trial court granted plaintiff judgment for $50,000. The Oregon Supreme Court held that there was no "prevailing party" and therefore attorney fees were denied both plaintiff and defendant. *Dan Bunn, Inc. v. Brown,* 285 Or 131, 590 P2d 209 (1979).

Similarly, neither party can be said to have prevailed here. Therefore, the first statutory requirement or ORS 305.490(2) has not been met.[2] Therefore, the order filed December 10, 1980, will be amended to conform to the Journal Entry filed November 20, 1980, to read: "No costs to either party," and it is

ORDERED that plaintiffs' claim for attorney fees should be and hereby is denied.

---

[2] Since this condition has not been fulfilled, the court need not rule on the defendant's contention regarding the second statutory condition; specifically, that the present case involves the plaintiff's responsibility as an employer for withholding from the wages of an employee and that that responsibility does not involve "taxes upon or measured by net income" as required by ORS 305.490(2).