Argued October 9, affirmed November 20, petition for
rehearing denied December 30, 1968

# ARCHER, *Appellant, v.* ROGERS CON-STRUCTION, INC., *Respondent.*

447 P. 2d 380

*Bernard P. Kelly,* Medford, argued the cause for appellant. On the briefs were Kelly, Grant & Cooney, Medford.

*Richard Bryson,* Eugene, argued the cause for respondent. On the brief were Calkins & Bryson, Eugene.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an appeal from a judgment entered on a directed verdict for the defendant in a wrongful death action. Plaintiff's decedent was killed when the car he was driving apparently failed to negotiate a sharp turn onto a detour and toppled over the side of a temporary bridge over Salt Creek on Highway 58. The detour and the temporary bridge were constructed early in January 1965 after the permanent bridge was washed out in the December 1964 flood. On March 3, 1965, the defendant entered into a contract with the State Highway Commission to clean up debris on the highway right-of-way; to reconstruct and construct 17.89 miles of intermittent sections, and to remove the temporary bridge over Salt Creek when it was no longer needed. A new permanent bridge was to be built by another contractor.

This detour and temporary bridge linked the two sections of the highway which the defendant was to resurface, and they continued to exist during the performance of the contract and were used by the defendant, the traveling public, and by Ross Brothers, the other contractor who was building the new permanent bridge.

On the date of the accident, the work required under the contract was virtually completed except for the removal of the temporary bridge, but the defendant did have men working on the 18-mile stretch of road but not in the immediate vicinity of the detour and temporary bridge.

The pertinent provisions of the contract are as follows:

"4-8 Provisions for Traffic

"Subject to the provisions of Article 8-6, the work to be done by the contractor shall include the work of making adequate and thoroughly satisfactory provision for the traffic carried by such private and public roads, highways and streets as are traversed, crossed or interfered with in any way by the new construction. This work shall include the furnishing of whatever labor, materials, tools and equipment may be necessary to provide and maintain suitable roadways over which to handle the traffic, and the furnishing of such labor, materials, tools and equipment, including flagmen, lights, barricades, warning signs, et cetera, as may be necessary to satisfactorily control, guide, protect and safeguard traffic.

"* * * * *"

"4-9 Maintenance of Detours Over Public Roads

"The detouring of traffic over existing public roads will be permitted, if the engineer determines that the public roads to be used are suitable and satisfactory in all respects and do not too greatly increase the distance to be traveled. The decision of the engineer as to whether or not traffic may be detoured over a given section of existing public road shall, however, govern.

"The maintaining of detours over existing public roads shall be by the contractor and he shall bear the expense thereof, except in cases (a) where the detour traverses, for a distance of more than one-quarter mile, a section of existing public road that is not in any manner affected by the work being done or to be done under the contract, and (b) during suspension of work due to conditions not the fault of the contractor. In the cases to which these exceptions apply, the State, or the county in which the work is located, will maintain the section of existing public road that the detour traverses."

"7-25 Responsibility for Damages

"The contractor shall be responsible for all damages to property, injury to persons, and loss, expense, inconvenience, and delay that may be caused by or that may result from any act, omission, or neglect of the contractor, his subcontractors, or his employes in the performance of the work to be done under the contract.

"* * * * * *"

The complaint was in two counts. The first count alleged that defendant was negligent in two particulars:

"a. Failure to have placed adequate warning of a temporary bridge on said highway at said time and place and of the dangerous condition of said highway and bridge at said time and place.

"b. Failure to have placed a guardrail on said temporary bridge."

The plaintiff's first assignment of error is that the court erred in sustaining the motion of defendant for a directed verdict.

■■ In an appeal from a judgment entered on a directed verdict we are required to determine whether there was a complete absence of proof of defendant's negligence or that there was no conflict in the testimony and it was susceptible of only one construction. We must view the evidence most favorably to the plaintiff and give him every favorable inference that may be drawn from the evidence. *Young v. Crown Zellerbach*, 244 Or 251, 417 P2d 394 (1966).

The evidence is that the temporary bridge over Salt Creek, and the detour leading up to it, were built and in use prior to the execution of the contract between defendant and the state; that the existing warning signs had not been placed by the defendant; that the

defendant did not participate in designing the temporary bridge or the detour leading to it; and that he did not participate in any way in their initial construction. There is an admission by the defendant that he improved the approach to the bridge by hard-surfacing, widening, and lessening the curve. There is no evidence that this work done on the detour by the defendant in any way made it more dangerous or created any hazard.

The contract between the State Highway Commission and the defendant was received into evidence as was the American Association of State Highway Officials Manual on Uniform Control Devices for Streets and Highways, which was incorporated by reference.

■ In *Larson v. Heintz Construction Co. et al*, 219 Or 25, 53, 345 P2d 835 (1959), we held that a highway construction contract, as here, is admissible in evidence as a circumstance to be considered in determining whether reasonable care was exercised, and that it is for the court, and not for the jury, to determine what was within the contemplation of the contract.

■ The duty of the contractor as set out in Section 4-9 of the contract is applicable only to detours caused by the performance of the contract by the contractor. The pre-existing detour here was necessitated by the flood of December 1964 and not by contractor's performance. Section 4-9 is not applicable to the detour in question here.

■ The barricade warning provision in Section 4-8 of the contract appears not to be directed to the kind of danger created by the washout of the highway and bridge by the flood of December 1964 and the building of a detour and temporary bridge, but to danger created by the process of resurfacing, such as torn-up

stretches of pavement, equipment on or crossing the highway, piles of material, etc. The language of the warning provision clearly contemplates the kinds of danger created by the contractor and not pre-existing dangers.

Clearly, the contractor was under a duty to protect the public from any dangerous condition which he may have created and resulting from his performance of the contract, but we do not find any provisions of the contract which require him to protect the public from a condition which he did not cause.

■ We hold that the facts established by the evidence are not such as to give rise to a common-law duty on the part of the defendant to warn and to protect the traveling public against a condition created by another, and which was not made hazardous or dangerous by his performance of the contract.

This holding is consistent with *Larson v. Heintz,* supra, in which the court held that the contract was not construable as contemplating warning signs at access roads leading to the road under construction because the warning signal clause of the contract was directed at physical obstructions in the roadbed attendant upon construction work.

In *Murdock v. Ledbetter-Johnson Co.,* 105 Ga App 551, 125 SE2d 99, 100 (1962), a firm which contracted with the state to resurface a section of roadway was charged with negligence in not placing warning signs upon a side road warning of a dead end street which intersected with the road that the contractor was resurfacing. There was no allegation that the defendant had any control over the side road or that he had interfered with or altered that road. Even though the side road connected with the highway that defendant

had contracted to resurface, the court found that defendant was under no duty to place warning signs on the side road since he had no authority over the side road.

*Schwarcz v. Charlton County*, 211 Ga 923, 89 SE2d 881, 883 (1955), deals with a factual situation analogous to the case at bar. A construction company, which had a contract with the state to pave a section of roadway upon which an allegedly dangerous bridge approach was located, was charged with negligence in failing to place signs warning of the danger of the approach. The county had built the bridge and approaches with a sudden dip and no warning signs. There was no allegation that the construction company built the bridge or approaches or did anything to create the dip. The court concluded that the contractor was not under a duty to warn of the defective condition of the bridge which had existed before the company began its work paving the road. The court held as follows:

"* * * Though a contractor must protect the public from dangerous conditions in the highway resulting from his work, no duty aside from statute is imposed upon him to protect the traveling public against dangerous or defective conditions of the highway caused by others * * *." 211 Ga at 930.

■ The second question raised by the assignment of error is whether there was a third-party beneficiary contract which imposed a standard of care for the breach of which the plaintiff's decedent, a member of the traveling public, would have a cause of action under the contract.

We do not find any language in the contract which would permit us to conclude that it was contemplated

that the contractor would have any duty toward a member of the public for the detour and the temporary bridge unless in the performance of his contract he created a condition which constituted a hazard, or danger, of which the member of the public had not been warned and from which he was not protected. It is clear from the language of the contract that it was not the intention of the parties that if the contractor breached any part of the "protection of the public" provision of the contract that he would be subjected to liability, without fault, to any member of the public who himself might not be free from fault.

We hold that plaintiff failed to prove any facts which would give rise to a breach of contract, and particularly of any right accruing to plaintiff as a third-party beneficiary under the contract.

The plaintiff's second assignment of error is that the court erred in overruling plaintiff's motion for directed verdict. The plaintiff's theory is that he, as a member of the public, was entitled to a recovery for non-negligent conduct of the contractor because the contract so provided. We hold that the court did not err for the reasons heretofore set out.

Affirmed.