Argued and submitted May 16, modified in part and otherwise affirmed
September 10, 1986

# GERBER,
*Appellant,*

*v.*

# O'DONNELL et al,
*Respondents.*

## (A8309-06071; CA A34957)

724 P2d 916

Lee Aronson, Portland, argued the cause for appellant. With him on the briefs was Holmes, DeFrancq & Schulte, P.C., Portland.

Ray Conboy, Portland, argued the cause for respondents. On the brief were Jeffrey S. Mutnick and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brings this action for breach of a partnership agreement, to which defendants counterclaim for a declaration of the parties' partnership interests. The trial court granted a directed verdict for defendants on the breach of contract claim and declared that plaintiff's interest in the partnership is $29,909, with interest from the date of the decree, January 25, 1985. Plaintiff appeals the granting of the directed verdict, the calculations used in determining his partnership interest and the trial court's failure to award prejudgment interest.

The facts are not in dispute. In June, 1979, plaintiff and defendants entered into a written partnership agreement for the purchase and renovation of an office building in Portland. The building was purchased and renovated as contemplated by the agreement. On November 1, 1982, plaintiff withdrew from the partnership. Defendants elected to continue the partnership and to purchase plaintiff's interest as provided in the agreement.

The partnership agreement provides that a withdrawing partner will be paid "the amount determined according to paragraph 24 and the subparagraphs relating thereto within 120 days from the date of termination or withdrawal." Paragraph 24.1 provides:

> "The purchase price of a terminated, withdrawing or deceased Partner's Partnership interest shall consist of the sum of a base price plus an appreciation factor."

The base price and the appreciation factor are defined by the agreement. The agreement allows "[a] reasonable time, not exceeding 60 days" for the appraisal to determine the fair market value of the office building. Three appraisers are to be selected, one each by the withdrawing partner and the group of remaining partners; the two appraisers will choose a third. Plaintiffs and defendants chose their appraisers in December, 1982; the two appraisers did not agree on the third until May 3, 1983. The appraisal was completed on August 19, 1983.

On August 24, 1983, Gary Rhoades, another withdrawing partner, wrote to defendants on behalf of himself and plaintiff, acknowledging receipt of the appraisal and stating that time for payment of the partnership interest could be

extended until October 19, 1983, 60 days from the date of the report. Defendants responded with an offer to pay $16,781.38 for plaintiff's share on the basis of a withdrawal date of August 15, 1983. Plaintiff did not respond to the offer and filed this lawsuit in September, 1983.

Plaintiff first contends that the trial court erred in granting defendants' motion for directed verdict on his breach of contract claim. He argues that the partnership agreement sets a clear time frame for purchase of a withdrawing partner's interest and that defendants failed to pay in the specified time, thereby breaching the contract. The trial court held that, because the purchase could not be completed until the parties had determined between themselves how much was owing and the appraisal was not completed until August 19, 1983, defendants had not breached the contract.

■ On appeal from a judgment entered on a directed verdict for the defendant, we view the evidence in the light most favorable to the plaintiff and determine whether there was a "complete absence of proof * * * or [whether] there was no conflict in the testimony and it was susceptible of only one construction." *Archer v. Rogers Construction,* 252 Or 165, 169, 447 P2d 380 (1968). Here, there is no conflict in the evidence that the two appraisers took five months to agree on a third appraiser and that the appraisal was not completed until three and one-half months after that. There was no evidence that defendants contributed to the delay. There was no evidence of breach of contract; therefore, the trial court properly directed the verdict for defendants.

■ Plaintiff next assigns as error the computations used to determine his partnership interest and the amount owed him. We review the trial court's determination of the partnership interests *de novo* and conclude that the methods used and amount owing are correct.

Finally, plaintiff challenges the trial court's denial of prejudgment interest. The trial court set the rate of interest on the amount owed at 10 percent, in accordance with the partnership agreement. However, the court awarded interest only from the date of the judgment.

■ ■ Prejudgment interest is proper when the exact amount owing is ascertained or easily ascertainable by simple

computation or by reference to generally recognized standards and where the time from which interest must run can be ascertained. *Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or App 282, 292-93, 709 P2d 1103 (1985), *rev allowed* 301 Or 76 (1986); *see also Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943); *Dale's Sand & Gravel Co. v. Westwood Construction Co.,* 62 Or App 570, 661 P2d 1378 (1983). Here, although plaintiff withdrew from the partnership on November 1, 1982, the amount owing could not be determined until the appraisal was completed. However, once the appraisal was completed, the exact amount owing was easily ascertainable by reference to the formula set out in the partnership agreement. Under that agreement defendants had 60 days from plaintiff's withdrawal to obtain the appraisal and 120 days from the withdrawal to pay. Otherwise stated, had the contract been performed pursuant to its terms, plaintiff would not have been entitled to payment until 60 days after the appraisal. We conclude that interest should have commenced 60 days after the date on which the appraisal report was made available, that is, October 19, 1983. It was error for the trial court to allow interest only from the date of the entry of the judgment.

The judgment is modified to award interest from October 19, 1983, and is otherwise affirmed.