Argued and submitted November 6, reversed and remanded with instructions December 30, 1987

LINDLEY,
*Appellant,*

*v.*

NELSON et al,
*Defendants,*
*and*

NELSON TIRE, INC.,
*Respondent.*

(CC85-176; CA A42683)

747 P2d 392

B. Gil Sharp, Hood River, argued the cause and filed the brief for appellant.

James R. Foster, The Dalles, argued the cause for respondent. With him on the brief was Lewis, Foster & Peachey, The Dalles.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this action for unpaid wages, plaintiff appeals from a judgment notwithstanding the verdict entered in favor of defendant Nelson Tire, Inc. (Nelson Tire). The dispositive issue is whether there is any evidence that defendant Norm Nelson, Jr., (Junior) acted on behalf of Nelson Tire when he offered plaintiff 25 percent of the profit of Nelson Exhaust in addition to plaintiff's regular salary. We hold that there is sufficient evidence and reverse.

These facts are undisputed. Norm Nelson, Sr., is the owner of Nelson Tire. In 1984, he decided to expand into the muffler and exhaust business and established Nelson Exhaust, at a separate location, as a branch of Nelson Tire. He placed Junior in charge of Nelson Exhaust, with the expectation that Junior would ultimately buy the business. Until then, Junior would receive half the profits of Nelson Exhaust in addition to his salary. Junior was short on experience, and so he hired plaintiff, who had extensive experience. He promised plaintiff the same salary as he received from his previous employer, better benefits and a shorter work week. Junior also promised plaintiff half of his half of the profits, or 25 percent. Plaintiff believed that he would become a partner in Nelson Exhaust when Junior purchased it from Nelson Tire. However, some months later Junior went ahead with the purchase on his own.

Plaintiff never received any share of the profits. He brought this action for the amount claimed to be owed. The jury awarded plaintiff $1,506 from Junior and $3,380 from Nelson Tire. The trial court granted Nelson Tire's motion for a judgment n.o.v. on the ground that there was no evidence that Junior's offer of 25 percent of the profit bound Nelson Tire.[1]

Nelson Tire argues that there "simply was no credible evidence that there was an agreement with the corporation to share corporate profits from the operation of Nelson Exhaust." In reviewing the trial court's action, we do not pass on the credibility of the evidence. Our only role is to determine whether, viewing the evidence most favorably to plaintiff,

---

[1] The judgment against Junior was satisfied.

there is any evidence to support the jury's verdict. *Gerber v. O'Donnell,* 81 Or App 262, 265, 724 P2d 916 (1986).

The jury could have found that Junior had authority to hire employes of Nelson Exhaust and that he hired plaintiff. Plaintiff and Junior both testified that Junior offered plaintiff the 25 percent share. Although the jury could have found that that offer related to a potential partnership after Junior had purchased the business or that it was a side deal between Junior and plaintiff only, the evidence does not compel that conclusion. Plaintiff's expertise in the business was important to Nelson Tire's success in establishing Nelson Exhaust, as well as being important to Junior personally in his desire to purchase a profitable enterprise. It would not have been inappropriate for either the corporation or Junior to give plaintiff a share of the profits as an incentive to put his experience at Nelson Exhaust's disposal. Some of Junior's testimony suggested that he offered to give plaintiff half of his share of the profits; that testimony might suggest that Junior's offer was solely on his own behalf. However, Junior also testified that he offered plaintiff 25 percent of the business' profits. The jury could find from that testimony that Junior made the offer on behalf of the corporation as part of hiring plaintiff as a corporate employe. It was error to grant a judgment n.o.v.

Reversed and remanded with instructions to enter judgment on the verdict.