Argued and submitted April 5, affirmed August 28, petition for review denied November 26, 1996 (324 Or 395)

In the Matter of MMC, a Female Child.

STATE ex rel JUVENILE DEPARTMENT OF DOUGLAS COUNTY,
*Respondent,*

*v.*

James William COWENS,
*Appellant.*

(5546A; CA A87019)

922 P2d 1258

Theresa M. Kohlhoff filed the brief for appellant.

Erika L. Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DEITS, P. J.

## DEITS, P. J.

Father appeals from a judgment finding his daughter, M, to be within the jurisdiction of the court. He argues that the trial court improperly admitted hearsay statements into evidence. We affirm.

On July 13, 1994, M, a 13-year-old girl, reported to officers at the Douglas County Sheriff's Office that father had been sexually abusing her for the past seven months. She gave a recorded interview to Detective Cannaday detailing father's alleged abuse. During the subsequent jurisdictional proceeding before the juvenile court, the state offered an audio tape recording and written transcript of M's interview with Cannaday. Father objected to the introduction of that evidence on hearsay grounds. The state responded that the evidence was admissible under OEC 801(4)(b)(A) as a statement of a party opponent. After allowing M to be examined and cross-examined *in camera*, the court determined that the evidence was admissible, because the state was offering it against M. Father then stipulated that the information on the tape would be sufficient to sustain the state's allegations in its petition for juvenile court jurisdiction. The state presented no further evidence in support of its petition.

Father argues that the trial court erred in admitting the tape and written transcript of M's interview with Detective Cannaday under OEC 801(4)(b)(A). That rule provides:

"A statement is not hearsay if:

"\* \* \* \* \*

"*The statement is offered against a party* and is:

"That party's own statement, in either an individual or representative capacity." OEC 401(4)(b)(A). (Emphasis supplied.)

Under that rule, a party's statement is not admissible unless it is offered *against* that party. *See State v. Wright*, 323 Or 8, 913 P2d 321 (1996). Here, M was a party to the jurisdictional proceeding. ORS 419B.115. Father contends, however, that the trial court erred in concluding that the state was offering the tape and transcript of M's interview against her. The state concedes that, under the facts

here, the trial court erred in concluding that the state was offering the evidence against M.[1] However, we do not agree with the state's understanding of the law and, accordingly, do not accept its concession of error. *See State v. Bea,* 318 Or 220, 224, 864 P2d 854 (1993) (Supreme Court need not accept party's concession concerning legal conclusion); *State v. Jones,* 129 Or App 413, 416, 879 P2d 881 (1994) (state's concession of error is not binding).

■    The petition here sought to make M a ward of the court under ORS 419B.100(1)(c). That statute grants the juvenile court jurisdiction over a child when the child's "condition or circumstances are such as to endanger the welfare of the [child] or of others[.]" The law recognizes, however, that minor children have an interest in maintaining a familial relationship with their parents. *See State ex rel Juv. Dept. v. Beasley,* 314 Or 444, 456, 840 P2d 78 (1992) (Fadeley, J., specially concurring) ("both parent and child have a liberty interest in continuation of their association"). As we have previously noted:

> "That children have an interest in the outcome of termination actions which is worthy of all the protection afforded the interests of their parents is apparent. The basic human right to maintain and enjoy the relationship which normally exists between the parents and the children is held no less by the children than by the parents." *State ex rel Juv. Dept. v. Wade,* 19 Or App 314, 319, 527 P2d 753, *appeal dismissed* 423 US 806 (1975), *overruled on other grounds F. v. C.,* 24 Or App 601, 610, 547 P2d 175, *cert den* 429 US 907 (1976).[2]

When the state files a dependency petition to make the child a ward of the court, it seeks to interfere with the parent-child relationship and therefore to infringe on the

---

[1] The state concedes that "the record does not contain adequate evidence to support the trial court's finding that the child was a *party opponent* of CSD." (Emphasis supplied.) OEC 401(4)(b)(A) does not contain the term "party opponent." We understand the state's use of that term as shorthand for the proposition that the evidence was not offered "against" M. *See* OEC 401(4)(b)(A).

[2] Although *Wade* involved a termination of parental rights, its recognition of the child's interest in a continuing family relationship applies equally to dependency actions. Both proceedings seek to disrupt the parent-child relationship, only to different degrees—a termination proceeding permanently, and a dependency proceeding temporarily.

child's interest in that relationship. In that sense, the state's position is adverse to the child, and evidence presented by the state to establish jurisdiction is offered "against" the child. That conclusion is not altered by the fact that M sought the protection of the State Offices for Services to Children and Families (SOSCF) and apparently believed that the agency was "on her side."[3] Although a child in a particular case may share an interest with the state in being protected from a sexually abusive home environment, it simply cannot be said that the state represents *all* of the child's interests. *See Wade*, 19 Or App at 321, 323 (although termination of parental rights may ultimately be in child's best interest, state's attorney cannot adequately represent child's interests because of potential for conflict between interests state and child do not share).[4] Further, it would be inappropriate to allow the perceptions of a child to determine such a fundamental evidentiary question.

■ We believe that when the state seeks to interfere with the parent-child relationship—either permanently in a termination proceeding or temporarily in a dependency proceeding—the child has interests adverse to the state. As such, the state's evidence is offered not only against the parent, but also against the child. Accordingly, M's statement was offered not only against father but also against M, and it therefore qualifies as nonhearsay under OEC 801(4)(b)(A).

Affirmed.

---

[3] There is also evidence here that might support a finding that, although M may have sought protection, she did not want to become a ward of the court. She testified that her first choice was to go home with mother, and if she could not have that, her second choice was to have SOSCF decide her fate.

[4] In *Wade*, we held that children are entitled to independent counsel in all termination proceedings because of the potential conflict between the interests of the children and those of the state. 19 Or App at 323. We have since modified *Wade*'s rigid requirement of appointment of counsel in every termination case. *See F. v. C.*, 24 Or App 601, 610, 547 P2d 175, *cert den* 429 US 907 (1976) (replacing absolute rule with more flexible approach of determining on case-by-case basis whether child requires appointment of independent counsel in termination proceedings). However, we have nonetheless consistently adhered to *Wade*'s central idea that children have independent rights when the state seeks to infringe on the parent-child relationship. *East*, 38 Or App at 62; *F. v. C.*, 24 Or App at 610. *See also* ORS 419B.115(1)(a) and ORS 419B.195 (granting children party status and right to appointment of independent counsel in dependency proceedings).