Submitted on record and briefs November 7, 2003, reversed and remanded in part; otherwise affirmed, July 8, 2004

Paul B. PHILLIPS,
*Appellant,*

*v.*

Coni S. RATHBONE
and Nak Y. Kim,
*Defendants,*

*and*

Gail F. OTT;
Gail F. Ott, D. C., P. C.;
Connie J. DeSilva;
Laslow's Restaurant;
and Northwest Neighborhood Market,
*Respondents.*

0205-05104; A120176

93 P3d 835

Paul B. Phillips *pro se*.

Sean Donahue filed the brief for respondents Gail F. Ott and Gail F. Ott, D. C., P. C. With him on the brief was Donahue & Associates.

Dean Heiling filed the brief for respondents Connie J. DeSilva and Laslow's Restaurant.

No appearance for respondent Northwest Neighborhood Market.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals after the trial court granted summary judgment to defendants.[1] ORCP 47 C. On appeal, plaintiff makes three assignments of error, arguing that the trial court erred in awarding judgment to defendants Gail F. Ott and Gail F. Ott, D. C., P. C. (Ott); Laslow's Restaurant and Connie J. DeSilva dba Laslow's Restaurant (Laslow's); and Northwest Neighborhood Market (the Market) [Yong O. Lee and Kyong A. Lee (the Lees) dba the Market].[2] We affirm in part and reverse in part.

Summary judgment is appropriate if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47 C. In resolving those issues on appeal, we review the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the party opposing the motion. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997).

Plaintiff's complaint contains five claims for relief: (1) a claim for declaratory judgment relief under ORS 28.020 against defendant Ott; (2) a claim for breach of lease against defendant Ott;[3] (3) a claim for trespass against defendants

---

[1] Defendant Rathbone was dismissed by the stipulation of the parties. With respect to named defendant Nak Y. Kim, an affidavit filed by the attorney for N.W. Neighborhood Market avers that there is no such person connected with the market. Rather, its principals are Yong O. Lee and Kyong A. Lee. The summary judgment order pertaining to the market recites that the "Motion for Summary Judgment filed by Defendants Northwest Neighborhood Market and Nak Y. Kim[ ] is granted." This case was held in abeyance on appeal until a judgment was entered dismissing the complaint as to all defendants.

[2] Defendant Connie DeSilva was identified in plaintiff's complaint by her maiden name, and she is referred to as such throughout this opinion. In her affidavit, she states that her name is Connie Laslow. The affidavit filed by the attorney for N.W. Neighborhood Market avers that, in his compliant, plaintiff incorrectly named defendant "Northwest Neighborhood Market" as opposed to "N.W. Neighborhood Market." The record also indicates that the proper name of Laslow's Restaurant is "Laslow's Northwest."

[3] Plaintiff contends that Ott breached the lease and a mediated settlement agreement. Because we interpret the mediated settlement as a modification of the lease, we address the claims together. Plaintiff also alleges breach of lease claims against Ott arising out of Ott's purported violation of plaintiff's conditional use permit and failure to maintain liability insurance. Those allegations are also related to

Laslow's and the Market; (4) a claim labeled "theft of services" made against defendants Laslow's and the Market; and (5) a claim for injunctive relief made, apparently, against all defendants. Plaintiff alleges that he is the owner of real property located on Northwest Lovejoy Street in Portland and that, in July 1995, he entered into a lease agreement with Ott for one of the office suites located on his property. Ott operates the Lovejoy Chiropractic Clinic at that location. According to the complaint, Ott and plaintiff entered into a mediated agreement in 2000 under which Ott agreed not to "invite or expressly permit persons other than its staff and patients" to use plaintiff's parking stalls on the property. The complaint further alleges that, in 2001, plaintiff discovered that Ott had entered into an agreement with Laslow's "to share parking with or sublet parking to Laslow's for the use of Laslow's customers." Laslow's operates a restaurant adjacent to plaintiff's property. The complaint also alleges that in 2001, plaintiff discovered "from staff at Northwest Neighborhood Market that defendant [Ott] had entered into an agreement for parking" to use plaintiff's parking stalls. The Market's premises are also adjacent to plaintiff's property. Plaintiff also alleges that Laslow's and the Market continued to use plaintiff's parking area after he advised them that they were trespassing.

■ In his first assignment of error, plaintiff argues that the trial court erred in granting summary judgment to defendant Ott. He argues that there exists a genuine issue of material fact about whether Ott invited or expressly permitted persons other than his staff and patients to use plaintiff's parking area. In his affidavit in support of his motion for summary judgment, Ott denied plaintiff's allegations that he had agreed to permit Laslow's and the Market to use plaintiff's parking area. Plaintiff filed a controverting affidavit in which he averred, in relevant part,

"7. At Laslow's, defendant Connie [DeSilva] told me that they were using my property for parking by permission of Gail Ott. She appeared open and honest, and she affably described the arrangement, but she said that Gail Ott had

the use of the parking area during times when Ott is not using it for business purposes.

stipulated that 'nothing could be written down' about this agreement.

> "8. On that same date, I spoke with the proprietors of Market. They told me that they were using the parking lot by permission of Gail Ott, who had told them they could do so in the evenings and on weekends."[4]

In his answering brief on appeal, Ott argues that "[n]either of these hearsay statements constitutes admissible evidence[.]"

> In his reply brief, plaintiff responds that his statement in his affidavit in opposition to the motions for summary judgment that "[a]t Laslow's, defendant Connie [DeSilva] told me that they were using my property for parking by permission of Gail Ott" is not hearsay because it is an "admission of a party to the agreement and a party to this action." He also relies on an e-mail in evidence (exhibit 4) from Eric Laslow, who operates Laslow's together with his wife Connie DeSilva, in which Laslow states that, "we have access to the parking lot of [L]ovejoy [C]hiropractic [C]linic[.]" Plaintiff also relies on a letter (exhibit 3) that he wrote to Eric Laslow in which plaintiff stated:

> "When I spoke with you on September 18, you informed me that you were directing your restaurant customers to park on my property at 2326 NW Lovejoy Street, through an arrangement with Gail Ott, one of my tenants at that property. I recognized that you [have been] using the parking lot for many months, and I spoke with Connie in July about the agreement you have with Ott."

> OEC 802 provides that hearsay is not admissible as evidence except as provided in OEC 801 to OEC 806 or as otherwise provided by law. OEC 801(3) provides that " '[h]earsay' is a statement other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Under OEC 801(4)(b)(A), a party's own prior statement is admissible non-hearsay when it is offered against the party.[5]

---

[4] Plaintiff does not name the "proprietors of Market" in his affidavit. We presume that he is referring to the Lees.

[5] OEC 801(4)(b) provides that a statement is not hearsay under the following circumstances:

"The statement is offered against a party and is:

Here, plaintiff offered the above statements by Connie DeSilva, Eric Laslow, and the Lees against Ott to prove the truth of the matter asserted in his complaint, *i.e.*, that Ott breached his agreement with plaintiff by permitting Laslow's and the Market to use plaintiff's parking area for their customers' parking needs. Plaintiff argues that the above statements constitute statements of a party-opponent and are admissible under OEC 801(4)(b). However, DeSilva, Laslow, and the Lees are not parties to plaintiff's declaratory judgment and breach of lease claims against Ott. In order for a statement to be admissible against a party under the rule, it generally must be a statement that is made by a party and that is offered against that party. Laird C. Kirkpatrick, *Oregon Evidence* § 801.03[4][f], Art VIII-35 (4th ed 2002); *see also Oxley et al v. Linton Plywood Ass'n,* 205 Or 78, 98, 284 P2d 766 (1955) (holding, before the adoption of the Oregon Evidence Code, that a statement that is admissible as an "admission" includes a party's statement of fact that is against that party's interest, or that is unfavorable to the conclusion for which the party contends, or that is inconsistent with the facts alleged by the party; admissibility is based on the fact of inconsistency with the party's present position). *But see State ex rel Juv. Dept. v. Cowens,* 143 Or App 68, 922 P2d 1258, *rev den,* 324 Or 395 (1996).[6] Consequently, Ott's objection that the above statements are hearsay because they were not made by him and therefore are inadmissible under

---

"(A) That party's own statement, in either an individual or a representative capacity;

"(B) A statement of which the party has manifested the party's adoption or belief in its truth;

"(C) A statement by a person authorized by the party to make a statement concerning the subject;

"(D) A statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship; or

"(E) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

[6] Our conclusion is consistent with the decisions of federal and state courts that have considered the issue. *See, e.g.,* Clifford S. Fishman, *Jones on Evidence, Civil and Criminal* § 27.3 n 36 (7th ed 2000) (annotating federal and state cases supporting the general principle that, in civil actions in which there are multiple defendants, one defendant's out-of-court statement is not admissible against a second defendant who did not make the statement).

OEC 801(4)(b) is correct. In the absence of any admissible evidence that Ott breached the lease agreement with plaintiff by agreeing to allow others to park in the parking area, the trial court did not err in granting summary judgment to Ott on plaintiff's first, second, and fifth claims.[7]

■ In his second assignment of error, plaintiff argues that the trial court erred in granting summary judgment to Laslow's. The trial court ruled that plaintiff produced no evidence that a trespass directed by anyone connected with Laslow's occurred. On appeal, plaintiff points to DeSilva's statement in her affidavit that "when our dinner patrons have asked about available parking, they have sometimes been told that spaces can be found at that location." Additionally, plaintiff's affidavit testimony states that "[a]t Laslow's, defendant Connie [DeSilva] told me that they were using my property for parking by permission of Gail Ott."

■ A "trespass" occurs when there is an actionable interference with the possession of land. *Smejkal v. Empire Lite-Rock, Inc.*, 274 Or 571, 574, 547 P2d 1363 (1976). OEC 801(4)(b)(A) provides that a statement is not hearsay if the statement is offered against a party and is that party's own statement. Here, DeSilva's statement is admissible against Laslow's as statement by a party-opponent under OEC 801(4)(b)(A). Viewed in the light most favorable to plaintiff, a reasonable factfinder could infer from DeSilva's testimony that Laslow's directed its customers to park on plaintiff's land, thereby interfering with plaintiff's purported possessory interest in the property.

■■ Laslow's, however, contends that plaintiff does not have a sufficient possessory interest in the parking area to maintain a trespass claim. According to Laslow's,

"[t]here is no language in the lease under which plaintiff, as landlord, retained a possessory interest in the property other than the right to enter onto the exterior of the property to examine its condition or for any purpose that would be otherwise lawful. Plaintiff's complaint alleges nothing that interferes with those limited possessory rights."

---

[7] In plaintiff's fifth claim, he seeks injunctive relief against all defendants. Plaintiff's entitlement to injunctive relief against Ott is necessarily dependent on his prevailing on either his first or second claim for relief.

It also points out that,

> "[a]lthough Ott agreed not to expressly permit people other than patients and staff members to use the parking spaces, he was specifically allowed to utilize the parking spaces after business hours to promote his chiropractic practice."

We disagree with Laslow's argument for the reasons that follow. Either actual or constructive possession of real property suffices to maintain an action in trespass. *Boyer v. Anduiza*, 90 Or 163, 165, 175 P 583 (1918). Here, the settlement agreement functions as a modification of the lease between plaintiff and Ott. Paragraph 3 of the settlement agreement exercises the option contained in the original lease between the parties to renew the lease. That paragraph provides, "All terms and conditions of the lease between the parties dated July 31, 1995, shall remain in full force and effect, except as clarified in this agreement." The settlement agreement also provides, in pertinent part:

> "The parties acknowledge and agree that parking stalls number[s] 1 through 6, inclusive, at 2326 N.W. Lovejoy Street are exclusively assigned to Gail F. Ott, D.C., P.C., dba Lovejoy Chiropractic Clinic and may be utilized by Lovejoy's staff and patients during normal business hours as well as such times as Lovejoy deems advisable to promote his chiropractic practice after normal business hours. At Lovejoy's option, patients may visit other local businesses before or after their appointments at Lovejoy. * * * Lovejoy shall not invite or expressly permit persons other than its staff and patients to use Lovejoy's authorized stalls."

Generally, when the terms of a contract are ambiguous and subject to more than one reasonable interpretation, summary judgment regarding their meaning is precluded. *Brown v. American Property Management*, 167 Or App 53, 61, 1 P3d 1051 (2000). If the language in a contract is ambiguous, then the intent of the contracting parties presents a question of fact for a factfinder to decide. *Yogman v. Parrott*, 325 Or 358, 361, 363-64, 937 P2d 1019 (1997). Whether a contract provision is ambiguous depends on whether it is reasonably susceptible to more than one meaning. *Thomas Creek Lumber & Log Co. v. State Forester*, 157 Or App 204, 212, 970 P2d 659 (1998), *rev den*, 328 Or 366 (1999).

■ A fundamental component of any lease is that the tenant has exclusive possession of the leasehold interest. However, as against the landlord, the exclusiveness of possession may vary, depending on the restrictions imposed on the tenant's use by the legal instrument creating the leasehold interest. *Sproul et al v. Gilbert et al*, 226 Or 392, 403, 359 P2d 543 (1961). If a lease contains no explicit reservations in favor of the landlord, the landlord has only the right to make repairs and to collect rent. In all other respects, the tenant retains the right of exclusive possession. *Oldham v. Fanno*, 168 Or App 573, 576-77, 7 P3d 672 (2000). But if the lease reserves a right of use to the landlord in the leased premises in some manner, then the tenant's right to exclusive possession, as against the landlord, may be more limited.

In the present case, the terms of the lease as modified by the settlement agreement are subject to more than one reasonable interpretation. One interpretation of the above-quoted language from the settlement agreement is that plaintiff did not retain a possessory interest in the property and that Ott has exclusive possession of the property subject to a contractual limitation as to how the parking area may be used after normal business hours. In other words, although Ott could be entitled to exclusive use of the parking area under the lease, it may prohibit him from subleasing or allowing others to use it. On the other hand, a second reasonable interpretation of the language of the settlement agreement could be that plaintiff has reserved the right to use the parking area during time periods other than when Ott, his staff, or his patients are using the area. Under those circumstances, plaintiff would also hold a possessory interest in the parking lot that could give rise to a claim for trespass if the possessory interest was invaded by others. Because either inference is reasonably available from the language employed by Ott and plaintiff in the settlement agreement, there is a genuine issue of material fact about what the parties intended, and summary judgment is precluded.

■ Laslow's also argues that plaintiff had not demonstrated any loss or damage from the parking of cars in plaintiff's parking area. We observe first that one of plaintiff's counts seeks a judgment enjoining Laslow's and the Market from using plaintiff's parking area as a parking lot for their

businesses and from advising their patrons that they can make use of the area. Moreover, the law presumes that, in the case of an intentional trespass, the plaintiff has been damaged without the necessity of proof of actual damages. Even when there had been no actual damages, a plaintiff may be entitled to nominal damages. *Rhodes v. Harwood*, 273 Or 903, 926-27, 544 P2d 147 (1975). Accordingly, the trial court erred in granting summary judgment in favor of Laslow's on plaintiff's third and fifth claims.[8]

In his third assignment of error, plaintiff contends that the trial court erred in granting summary judgment to the Market. The trial court ruled:

"1. The plaintiff presented no evidence to support his claim for trespass or theft of services;

"2. The equities are such that an injunction is inappropriate as the plaintiff failed to produce evidence showing material facts or any evidence of a risk of irreparable harm."

Plaintiff argues that the averment in his affidavit regarding what he was told by the proprietors of the Market regarding the use of his parking lot precludes summary judgment. We agree with plaintiff for the reasons previously expressed. Plaintiff's testimony regarding the Lees' alleged statement about their use of the parking area with Ott's permission is admissible as substantive evidence under OEC 801(4)(b)(A), and it creates a genuine issue of material fact under ORCP 47 C.[9] It follows that the trial court erred in granting summary judgment to the Market on plaintiff's third and fifth claims.

 Finally, we turn to the trial court's grant of summary judgment on plaintiff's fourth claim. That claim alleges:

---

[8] Plaintiff's fifth claim against Laslow's seeks injunctive relief. The trial court's ruling that plaintiff is not entitled to injunctive relief against Laslow's appears to be predicated on its belief that there were no genuine issues of material fact about whether Laslow's had directed its customers to use plaintiff's lot. Because we disagree with the basis for the trial court's ruling, it follows that the summary judgment ruling as to the fifth claim against Laslow's should also be reversed.

[9] Additionally, plaintiff avers in his affidavit that he "observed * * * the proprietors of [the Market]" parking their vehicles on his property. Plaintiff also submitted the affidavit testimony of Rosemary Schreoter. She averred that she has observed the Market's staff parking in the lot on evenings and weekends.

"Laslow's and Market have continued to make use of and to profit by, plaintiff's property for parking, but have failed to convey to plaintiff consideration now given to Lessee for use of this compensable service.

"As a result of actions by Laslow's and Market, plaintiff suffers loss of value of parking used by defendants, in an amount to be determined at trial. Plaintiff suffers further in the jeopardizing of Property's Conditional-Use Permit."

We are unaware of any cognizable civil claim existing in Oregon called "theft of services." Nevertheless, the allegations within the fourth claim appear to allege a claim for unjust enrichment or for quasi-contract.[10] The legal theory of "unjust enrichment" is that the defendant has been unjustly enriched by the amount that the plaintiff would otherwise have been enriched. *Hughes v. Bembry,* 256 Or 172, 176, 470 P2d 151 (1970). A quasi-contract is a contract implied in law as a remedial device to accomplish justice by preventing unjust enrichment. *See Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 558, 577 P2d 477, *cert den,* 439 US 1051 (1978). Under ORCP 47 C, the adverse party to a summary judgment motion has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have had the burden of persuasion at trial. Here, plaintiff offered no evidence regarding any amount of unjust enrichment to Laslow's and the Market resulting from their use of his parking area, and he makes no argument regarding that issue on appeal.[11] Thus, the trial court correctly granted summary judgment on plaintiff's fourth claim.

Reversed and remanded as to count 3 and count 5 of plaintiff's complaint as to defendants Connie J. DeSilva, Laslow's Restaurant, and Northwest Neighborhood Market; otherwise affirmed.

---

[10] We assume that when plaintiff uses the word "lessee" in his fourth claim, he really means to use the word "lessor," thereby referring to his relationship with defendant Ott.

[11] Plaintiff does argue that the use of his parking area by Laslow's and the Market violates his conditional use zoning permit and that he would have to procure an amendment to that permit, were he to rent out the parking spaces. However, he does not attempt in any way to quantify the benefit to Laslow's and the Market regarding their past use of the area.