**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: DONALD BRIAN DOLPH, Debtor, | No. 09-35425 |
| | D.C. No. 3:08-cv-01511-BR |
| JIM SCHACHER, in his capacity as Personal Representative of the Estate of Patricia M. Schacher, | MEMORANDUM [*] |
| Appellant, | |
| v. | |
| DONALD BRIAN DOLPH, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 5, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Creditor-Appellant Jim Schacher, administrator of the estate of decedent Patricia Schacher, appeals the district court's affirmance of the bankruptcy court's decision to impose a constructive trust on Debtor-Appellee Donald Dolph's home in the amount of $1,840.07. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. Although most of Schacher's issues on appeal are inadequately presented for appellate review and could be deemed waived for failure to comply with our procedural rules, *see* Fed. R. App. P. 28; 9th Cir. R. 28-2, his arguments also fail on the merits. We reach the merits, and affirm.

Dolph was *unjustly* enriched only by the difference between the amount he in fact received, and the amount he would have been entitled to inherit according to the valid terms of Patricia's will. *See Phillips v. Rathbone*, 93 P.3d 835, 841 (Or. Ct. App. 2004). To calculate the unjust enrichment, the bankruptcy court estimated the value of Dolph's future share and gave him a present credit for it because the alternative—waiting for the mired probate litigation to conclude—was untenable. The decision to give Dolph the present credit, and the corresponding decision to force Dolph to abandon any interest in receiving a future share of Patricia's estate,

2

were not an abuse of discretion because those decisions permitted the bankruptcy court to enter an equitable and immediate final judgment. *See Johnson v. Steen*, 575 P.2d 141, 147 (Or. 1978) (explaining that courts have broad discretion in crafting equitable remedies); *see also Stone v. City of San Francisco*, 968 F.2d 850, 861 (9th Cir. 1992) (same).

As for the estimated *amount* of Dolph's future share to be used as a present credit, the bankruptcy court based its calculations on *Schacher's own evidence* of the value of the Schacher probate estate: the amount alleged in the proof of claim. Schacher, having introduced and relied on the proof of claim, cannot now complain that the bankruptcy court should not have used it. *See United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991) (holding that under the invited-error doctrine, errors caused by the complaining party will only warrant reversal in exceptional circumstances). Further, regardless of who bore the burden to prove the amount of the present credit, the proof of claim was sufficient to prove the amount of Dolph's share. If Schacher had wanted the bankruptcy court to rely on alternative evidence, he should have produced it. *See* O.R.S. § 40.115(1).

The only cognizable calculation error is that the bankruptcy court should have subtracted the $22,483.57 in prejudgment interest Schacher claimed against Dolph out of the total value of Schacher's estimation of the value of Patricia's

estate. That interest had not materialized, and would never do so given the bankruptcy court's other rulings. However, Schacher provides no citation to the record of the proceedings to show that he specifically objected to inclusion of the interest, or offered a correct calculation. Assuming we can even reach this question, *see* Fed. R. App. P. 28(a), our review is only for plain error. *See United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006). We do not find that inclusion of the interest, which after recalculation results in only a minor difference in the value of Dolph's share, led to a result that negatively affects substantial rights or undermines the integrity of the proceedings. *See id.*; *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 516-17 (9th Cir. 2004).

Somewhat relatedly, Schacher argues that he should have been awarded prejudgment interest, or appreciation, on the amount held in constructive trust. In light of our decision that Dolph was unjustly enriched by only $1,840.07, Schacher's arguments that Patricia's estate is entitled to recover all of the $58,495 in equity in Dolph's home, or the home itself, obviously fails. Although Oregon law might support Schacher's entitlement to some appreciation, *see Jimenez v. Lee*, 547 P.2d 126, 129-30 (Or. 1976), Schacher failed to demonstrate how much, if any, of the appreciation of Dolph's home could be directly attributed to the unjustly acquired $1,840.07. Similarly, even if we assume, without deciding, that

4

Oregon law would permit Schacher to recover prejudgment interest on a constructive trust, *see Gerber v. O'Donnell*, 724 P.2d 916 (Or. Ct. App. 1986), we cannot conclude that Schacher is entitled to prejudgment interest on the $1,840.07, because that sum was not ascertained until the bankruptcy court entered judgment on it. *See id.*

**AFFIRMED.**