Argued and submitted July 26, affirmed October 12, 2011, petition for review allowed April 5, 2012 (351 Or 678)

In the Matter of V. N. W.,
and C. A. W., Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. D. W.,
*Appellant.*

Lincoln County Circuit Court
098109J1, 098109J2;
Petition Number 098109;
A147584

264 P3d 205

Angela Sherbo argued the cause and filed the brief for appellant.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

_____

* Brewer, C. J., *vice* Edmonds, S. J.

ORTEGA, P. J.

## ORTEGA, P. J.

Father appeals judgments finding his daughters, V and C, to be within the jurisdiction of the juvenile court as to him and concluding, based on a finding that father had subjected V to sexual abuse, that aggravated circumstances excused the Department of Human Services (DHS) from making reasonable efforts to reunify the children with father. On appeal, father contends that the juvenile court erred in admitting the out-of-court statements of V, in finding that he had sexually abused V and that, therefore, aggravated circumstances existed, and in finding jurisdiction based on his history of cocaine and alcohol abuse. We affirm.

Mother reported to police that father had been physically abusive to her and had sexually abused V, then four years old. Specifically, with regard to V, mother stated that V had informed her that her vaginal area hurt because father had put his finger in it. Mother further stated that she had observed father inserting his fingers into V's vagina. The child also, at different times, recounted that father had touched her to a number of people, including a caseworker, a friend of mother's, interviewers at a child advocacy center, and her preschool teacher. In addition to the allegations of abuse, mother reported that father drank heavily and also used cocaine.

Approximately three months later, mother retracted her statements that father had touched V inappropriately. DHS then filed a petition to make V and C wards of the court. Mother stipulated to jurisdiction and, as to father, a six-day contested jurisdictional hearing was held in November and December 2010. At the hearing, among other things, the court admitted into evidence out-of-court statements by V describing the touching. Mother, on the other hand, testified that she had instructed V to say that father had touched her.

Ultimately, the court issued a lengthy opinion containing factual findings and legal conclusions. Among other things, the court found from the evidence that "father placed his fingers in [V's] vagina at least one time as described by [V] and mother." Based on all of its findings, the court issued a jurisdictional judgment as to father, finding jurisdiction

based on father's history of cocaine abuse, his history of alcohol use, his actions in exposing the children to domestic violence, and the fact that father was "an untreated sex offender [who had] sexually abused" V. In addition, based on its conclusion that father had "subjected a child to sexual abuse," the court entered a judgment, pursuant to ORS 419B.340(5)(a)(D), finding that aggravated circumstances excused DHS from making reasonable efforts to reunify the children and father.[1]

In his first assignment of error, father contends that the "juvenile court erred in admitting the out-of-court statements of the child." The court admitted the statements in question based on this court's decision in *State ex rel Juv. Dept. v. Cowens*, 143 Or App 68, 922 P2d 1258, *rev den*, 324 Or 395 (1996), which we later reaffirmed in *State ex rel Dept. of Human Services v. Meyers*, 207 Or App 271, 140 P3d 1181, *rev den*, 341 Or 450 (2006).

Specifically, in *Cowens*, this court considered whether out-of-court statements of a child could be admitted in a dependency proceeding and held that such statements were admissible as nonhearsay pursuant to OEC 801(4)(b)(A).[2] In reaching that conclusion, we observed that a child over whom jurisdiction is sought is a party to the jurisdictional proceeding pursuant to ORS 419B.115. 143 Or App at 70. Furthermore, we reasoned that "minor children have an interest in maintaining a familial relationship with their parents." *Id.* at 71. Thus, "when the state seeks to interfere with the parent-child relationship—either permanently in a termination proceeding or temporarily in a dependency proceeding—the child has interests adverse to the state. As such, the state's evidence is offered not only against the parent, but also against the child." *Id.* at 72. For those reasons, a child's out-of-court statement qualifies as nonhearsay.[3]

---

[1] Pursuant to ORS 419B.340(5), if a court determines aggravated circumstances exist, "the juvenile court may make a finding that the department is not required to make reasonable efforts to make it possible for the ward to safely return home." Aggravated circumstances exist when the "parent has subjected any child to * * * sexual abuse." ORS 419B.340(5)(a)(D).

[2] Pursuant to OEC 801(4)(b)(A), a statement is not hearsay if it is offered against a party and is "[t]hat party's own statement, in either an individual or a representative capacity[.]"

[3] We also observed that, "[a]lthough a child in a particular case may share an interest with the state in being protected from [an abusive] home environment, it

We later reaffirmed that holding in *Meyers*. In that case, the juvenile court admitted out-of-court statements of a child in a termination of parental rights proceeding. The mother contended that *Cowens* was not applicable to the circumstances presented there "because the interests of the children and the state completely" coincided. *Meyers*, 207 Or App at 280. We disagreed, stating that "children have dual interests in a case such as this. They continue to also have an interest in the right to maintain and enjoy the relationship of parent and child." *Id.* at 280-81. Accordingly, we concluded that the trial court properly admitted the child's out-of-court statements "as a statement of a party opponent." *Id.* at 281.

Father acknowledges our holding in *Cowens*, but contends that the case was wrongly decided. We decline father's invitation to overrule that case and, instead, adhere to its holding that a child's out-of-court statements in a dependency case are admissible as statements of a party opponent. Accordingly, we conclude that the court in this case properly admitted the child's out-of-court statements under OEC 801(4)(b)(A).

In his second and third assignments of error, father contends that the court erred in finding that the state had proved that he is "an untreated sex offender" who "sexually abused" V and that aggravated circumstances exist. Father requests that we review *de novo* the juvenile court's finding that formed the basis for the court's ruling on those issues— that is, that "father placed his fingers in [V's] vagina at least one time as described by [V] and mother." The state responds that this is not an "exceptional case" where *de novo* review is appropriate. We agree with the state.

Our review in this case is governed by ORS 19.415(3)(b), which provides that in dependency proceedings such as those at issue in this case, "the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the

---

simply cannot be said that the state represents *all* the child's interests." *Cowens*, 143 Or App at 72 (emphasis in original). We also noted that "it would be inappropriate to allow the perceptions of a child to determine * * * a fundamental evidentiary question." *Id.* Thus, we determined that the admissibility of a child's out-of-court statements does not depend on whether the child views his or her interests as adverse to or aligned with the state.

record." Pursuant to ORAP 5.40(8)(a) - (b), where a party seeks to have the court exercise its discretion to review *de novo*, that party must "concisely state the reasons why the court should do so." In any event, however, pursuant to ORAP 5.40(8)(c), there is a presumption against *de novo* review. Such requests are "disfavored" and *de novo* review will be conducted "only in exceptional cases." *Id.*

ORAP 5.40(8)(d) sets forth a list of considerations that, although "neither exclusive nor binding," this court considers "relevant to the decision whether to exercise its discretion to try the cause anew on the record or make one or more factual findings anew on the record." As explained below, given all the circumstances presented in this case, we decline to exercise our discretion to review *de novo* the court's factual findings.

Father points out in support of his request for *de novo* review that the trial court did not make demeanor-based credibility findings regarding V, who did not testify at the hearing. At the hearing, however, no one contended that V did not believe that the abuse had occurred. Rather, the core issue was whether mother had coached the child to say that she had been abused, or whether mother had been telling the truth when she originally reported the sexual abuse to friends and law enforcement. As to mother, the court did make credibility findings. Specifically, having seen mother testify, the court found her demeanor "concerning," and observed that she had credibility issues and that it did "not believe [she was] sophisticated enough to have fabricated and planned such a vendetta against father" as she testified to at the hearing. That is, the court did not believe mother's testimony at the hearing that she had lied when she earlier alleged father's sexual abuse of V. Having seen mother, as well as other witnesses who testified regarding mother's earlier descriptions of the abuse (including at least one occasion when she discussed the abuse with a friend before her initial reports to the police), the court concluded that mother's recantation of her story was not credible.

We observe that the factual issue that father seeks to have this court review *de novo* was a central issue in the lengthy hearing before the juvenile court. The court heard

many days of testimony from a large number of witnesses relating to father's alleged sexual abuse of V and heard mother's recantation of her statements regarding that abuse. In light of all the testimony and other evidence presented, the court issued a thorough and thoughtful opinion containing detailed factual findings on the disputed issues. In that opinion, the court concluded that the alleged sexual abuse had occurred and that mother had recanted the allegations after receiving and reading letters from father suggesting that she stop implicating him so that he would be available to provide for the family. The court's ultimate decision regarding jurisdiction and aggravated circumstances is consistent with its underlying factual findings. In view of all the circumstances presented here, we conclude that this is not an appropriate case for us to exercise our discretion to conduct *de novo* review, and, accordingly, we decline to do so.

Given that determination, in this case "we review the juvenile court's legal conclusions for errors of law, but are bound by its findings of historical fact unless there is no evidence" in the record to support them. *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010). Under that standard, "our task is to review the facts found by the juvenile court to determine whether they are supported by any evidence, and then to determine whether, as a matter of law, those facts together with facts implicitly found by the juvenile court, provide a basis for juvenile court jurisdiction[.]" *Id.* Applying that standard in this case, we conclude that there is evidence to support the juvenile court's finding regarding father's abuse of V, and that that finding in turn supports the court's jurisdiction and its aggravated circumstances determinations.

As noted, the specific factual finding at issue is that "father placed his fingers in [V's] vagina at least one time as described by [V] and mother." We have reviewed the record and conclude that it contains ample evidence to support that finding. Among other things presented to the juvenile court were recorded interviews in which V described the touching, as well as testimony from V's preschool teacher and from law enforcement officers and social workers describing V's recounting of the touching on various occasions. Furthermore, the court received in evidence copies of father's letters

from jail and heard testimony describing mother's original allegations regarding the abuse from officers, social workers, and individuals who had been friends with mother. The factual finding that father touched V inappropriately as she and mother described in turn supports the trial court's conclusions that father sexually abused V and was an untreated sex offender.[4] Accordingly, we reject father's second and third assignments of error.

Finally, in his fourth assignment of error, father contends that the trial court erred in finding jurisdiction based on father's history of cocaine and alcohol abuse. An extended discussion of that issue would not benefit the bench, bar, or the public. Suffice it to say that father does not dispute that he is an alcoholic and that he abused cocaine; although he was sober at the time of trial, the juvenile court found that he had a history of "use and relapse" and that there was a potential that he would relapse as a result of stress that existed in his life. *Cf. State ex rel Dept. of Human Services v. D. T. C.*, 231 Or App 544, 555, 219 P3d 610 (2009) (the juvenile court erred in taking jurisdiction based on substance abuse where, at the time of the hearing, there was no evidence that the father was abusing substances or that he was at risk of relapsing). In light of all the circumstances presented in this case, including the domestic violence and sexual abuse, we cannot conclude that the trial court erred in including father's alcohol and cocaine use among its bases for jurisdiction.

Affirmed.

---

[4] Indeed, father does not argue that there is no evidence to support the juvenile court's finding or that, in the event that finding was proper, the trial court improperly concluded that he was an untreated sex offender who sexually abused V.